## DiRocco Liquor License Case.

Argued March 20, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edmund P. Hannum,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

*Walter A. Herley,* with him *Fred T. Cadmus, 3rd,* for appellee.

OPINION BY DITHRICH, J., July 20, 1950:

The Pennsylvania Liquor Control Board has appealed from an order of the Court of Quarter Sessions of Chester County directing it to issue a liquor license to John DiRocco, trading as DiRocco's Restaurant, appellee. The Board had refused to grant the license, but the court below sustained an appeal from the decision of the Board and ordered and directed that the license be issued.

The question involved is whether the learned court below was justified in directing the issuance of the license for premises which it found to be within 300 feet of a lot purchased by a school board "on which no school building has been built, . . . though doubtless one will be but not before the expiration of the license applied for . . ."

The solution of the question depends on what is meant by the word "school" in section 403 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as re-enacted and amended, 47 PS §744-403. The section contains the proviso: "That, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground . . ." Section 3, headed "Interpretation of Act," 47 PS §744-3 (a), states: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people

of the Commonwealth, and to prohibit forever the open saloon; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose."

Since one of the purposes of the Act is to discourage the existence of places where alcoholic beverages are dispensed in the vicinity of schools and playgrounds, the Act must be liberally construed for the accomplishment of that purpose. To that end "school", in our opinion, must be interpreted to mean the land owned by a school district for school purposes, and on which a school building is, or may be in process of being, erected.

The learned court below found that: "The premises for which the license is sought are within three hundred feet of a lot of land owned by a school board and upon which a school is soon *undoubtedly* to be erected. A school building, capable of accommodating nine hundred pupils from fifteen to nineteen years of age, is to be completed within one year from the time the contract is let. . . . It is contemplated that another school unit on the same lot of land will subsequently be built to accommodate children from twelve to fifteen years of age, after which the total number of pupils in attendance at said school will be fourteen to fifteen hundred." (Emphasis added.)

The West Chester Joint High School Board, which owns the land, vigorously protested the granting of the license. At the time of the hearing before the lower court test borings had been made upon the land, plans for the erection of the first building had been prepared and approved by the Department of Public Education, and the school board had advertised for bids for the construction of the building. A bond issue to provide funds for financing the project had been approved by the voters of the constituent school districts. The project calls for the erection of a Senior and a Junior High School build-

ing. But notwithstanding this, the court continued: "We think this license must be granted. No school is in fact erected on the property owned by the school board within three hundred feet of the premises proposed to be licensed. We have no doubt that in due time one will be built there but not before the expiration of applicant's license as now sought. *When that is done any question raised by reason thereof may then be considered."* (Emphasis added.) The learned court undoubtedly had in mind that the question of the proximity to the school buildings to be erected could be raised and considered if and when the licensee applied for a renewal of the license.

But the court evidently overlooked that part of the amendment to section 404 of the Act, approved May 20, 1949, P. L. 1551, providing that: "In considering the renewal of a license, the board shall not refuse any such renewal on the basis of the propriety of the original issuance or any prior renewal of such license." In view of that amendment, we agree with the Liquor Control Board "that if the license here involved is issued, then the proximity of the licensed premises to the land owned by the school board cannot . . . [hereafter] be raised and considered at the time of license renewal, even though the school building is then erected . . ."

So far as we have been able to discover, this is the first time an appellate court of this State has been called upon to determine the meaning of the word "school" as used in section 403. The meanings ascribed to many of the words and phrases used in the Act are set forth in section 2, headed "Definitions", but there is no definition of the word "school". When the court below said "[n]o school is . . . erected on the property," it obviously was limiting the meaning of the word to the four walls of a school building. In our opinion that is too narrow a construction to place upon the word, in view of the declared purpose of the Act.

In *Barrett's License,* 61 D. & C. 631, where the evidence showed that, while the ground in question had not yet been put to actual use by the school district, it had been acquired for that purpose—the only purpose for which it could legally be acquired by a school district—the court, in a well-considered and able opinion by MACDADE, P. J., in answer to applicant's contention that the Board was incorrect in determining that his establishment was within 300 feet of a school, said (page 633) : "This contention seems to be based upon the conception of tax law concerning exemptions, where the right to exemption depends upon the use which is made of the property. Since the right of exemption is a special privilege, the law granting it must be narrowly and strictly interpreted. In this case the applicant is asking for a special privilege and the law must likewise be interpreted strictly against him. The Liquor Control Act was enacted to regulate and restrain the liquor traffic and not to promote it and must be interpreted upon that basis: Oriole's Liquor License Case, 146 Pa. Superior Ct. 464 [22 A. 2d 611] ; In re Cohn's License, 32 Del. Co. 572; In re Revocation of Donath's Liquor License, 57 Montg. 232."

The same distinction was made by the Supreme Court of New York under a statutory provision quite similar to the provision in section 403. "The tax cases cited by defendant's counsel are not applicable, for the reason that the words of the exempting statutes exclude buildings and premises not exclusively used for purposes stated, and also because such statutes are to be construed very strictly against exemptions from taxation, *while the liquor tax law is to be construed liberally in favor of those institutions, like churches, schools, and state buildings, which are permitted to be a certain distance away from liquor selling"*: *In re Brady,* 106 N. Y. S. 921, 922. (Emphasis added.)

In *Calvary Presbyterian Church v. State Liquor Authority*, 281 N. Y. S. 81, affirmed in 270 N. Y. 497, the Court said (page 85) : "It is fundamental that regulations by way of exceptions in respect to churches and schools must be liberally construed in their favor, and strictly against applicants for licenses to sell liquor, wine, and beer, within prescribed distances."

In *Smith v. Ballas*, 335 Ill. App. 418, 82 N. E. 2d 181, it was held that a statute providing that no license should be issued for the sale of liquor within 100 feet of any school meant the school *premises* and not the school building. "Premises", as thus considered, is defined in Webster's New International Dictionary, Second Edition, as follows : "Law. The property conveyed in a deed; hence, in general, a piece of land or real estate; . . ."

We conclude that the limitation upon the granting of any *new* license or the transfer of any license to a *new* location, authorized by section 403 of the Act, would be defeated if the order of the learned court below should be permitted to stand, especially in view of the amendment of 1949 providing that the "board shall not refuse any . . . renewal [of a license] on the basis of the propriety of the original issuance." It therefore will be reversed.

The order of the court below is reversed, and the order of the Board is reinstated. Costs to be paid by appellee.