## Lester Liquor License Case.

Argued March 10, 1952. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*Joseph N. Bongiovanni, Jr.,* with him *Frank R. Hean,* for appellants.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

Opinion by Dithrich, J., April 15, 1952:

M. L. Lester and R. E. Thomas, trading as "Trail's End", have appealed from an order of the Court of Quarter Sessions of Dauphin County dismissing their appeal from the order of the Pennsylvania Liquor Con-

trol Board refusing their application for a hotel liquor license and amusement permit. The issuance of the license was objected to by the Harrisburg State Hospital, a mental institution owned and operated by the Commonwealth of Pennsylvania, and also by the Pennsylvania Department of Welfare. The hospital objected on the ground that the premises were within 300 feet of the hospital grounds. The matter was heard de novo before the court below. The facts, as stated in the opinion of the court, are as follows:

". . . The testimony shows that appellants' premises are situated in what is commonly known as 'Spooky Hollow' near the village of Edgemont [Susquehanna Township], in the rear and to the east of the main hospital grounds. The distance from the hotel premises to the hospital grounds is 40 feet 7 inches. The nearest hospital buildings are about 1,000 feet from the premises, and the nearest buildings which house patients are about one-half mile away. There are about 2,500 resident patients at the hospital, and many of these have the privilege of using the hospital grounds under limited parole privileges. Many of these patients have a background of alcoholic addiction.

"There is a wire fence along the eastern edge of the hospital grounds, but this is in no sense a security fence. It is an ordinary farm fence, such as would delineate a boundary line or restrain stock that might be grazing in the field. The evidence indicates that patients can easily, and frequently do, get over this fence. . . ."

The principal reason stated in the resolution of the Board of Trustees of the hospital in opposition to the issuing of the license was that "an institution with a liquor license so closely adjacent to the property might be a source of danger to parole patients who have the freedom of the hospital grounds." Dr. H. K. Petry,

superintendent of the hospital, who resides on the grounds in the administration building, testified that "The basis of the objection to the granting of this license is that in the treatment of mental patients one of the very important things is to grant a large number of patients the maximum amount of freedom which it is possible to give them. . . . [W]e have been fortunate in that the property to the rear of the hospital has been . . . rural . . ., and it has been possible to grant parole privileges to a number of patients in that direction. In addition to that, we have a substantial number of patients in whom the problem of alcohol addiction, the free use of alcohol, is a serious problem [10 per cent are or have been heavy users of alcohol in their time and in a lesser number of cases the cause of their mental disease is overindulgence of alcohol], and the granting of a license in an area not well supervised and not under constant surveillance, would offer a distinct inducement for those patients to seek . . . liquor at that point."

In re *DiRocco Liquor License Case,* 167 Pa. Superior Ct. 381 (allocatur refused ibid. xxvi), 74 A. 2d 501, we were called upon to determine whether the word "school" in §403 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as re-enacted and amended, 47 PS §744-403, applied only to a school building or to the land on which the building was located. We said, page 383: "Since one of the purposes of the Act is to discourage the existence of places where alcoholic beverages are dispensed in the vicinity of schools and playgrounds, the Act must be liberally construed for the accomplishment of that purpose. To that end 'school', in our opinion, must be interpreted to mean the land owned by a school district for school purposes, and on which a school building is, or may be in the process of being, erected."

Appellants attempt to distinguish the instant case from the *DiRocco* case on the ground that §15 of the Regulations of the Pennsylvania Liquor Control Board, establishing a fixed point for measurement to determine whether a place proposed to be licensed is within 300 feet of any "church, hospital, charitable institution, school or public playground", provides that " 'Church, hospital and charitable institution' shall be the buildings. 'School and public playground' shall be the building and/or the adjoining ground used in connection therewith. (The school ground shall be considered a public playground.)"

. . Section 202 of the Act provides in part that "The board may . . . make such regulations, *not inconsistent with this act,* as it may deem necessary for the efficient administration of this act" (emphasis added); and in *Revocation of Wolf's License,* 115 Pa. Superior Ct. 514, 176 A. 260, we held that regulations of the Liquor Control Board not inconsistent with the statute have the force of law. The general rule, in the footnote to which the *Wolf* case is cited, is stated in 48 C.J.S., Intoxicating Liquors, §191(b).

Section 3, headed "Interpretation of act", 47 PS §744-3(a), states: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth, . . .; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose." .. .. ...

In the light of the facts in the instant case, and particularly the fact that many of the hospital patients are granted the privilege of freedom of the grounds to a point a little more than 40 feet from the place proposed to be licensed, the regulation of the board limiting the word "hospital" to the buildings appears to be not only inconsistent with the primary purpose of the Act

but to apply it in the instant case would retard, rather than promote, its "efficient administration". The regulations of the board cannot prevail over the provisions of the Act, as interpreted by this Court in the *DiRocco* case.

To protect the patients of the hospital who are permitted to walk in the area immediately adjacent to the proposed licensed premises as a part of their care and treatment, the order of the court below must be affirmed. We agree with the Department of Welfare that the close proximity of the place for which the license has been applied to the hospital grounds would jeopardize the safety and interfere with the recovery of the mental patients. We do not hold that the regulation of the Liquor Control Board would be unenforceable in the case of every hospital. Our decision is based on the particular facts of this case.

The order is affirmed.