Booker Hotel Corporation Liquor License Case.

Argued October 15, 1953. Before RHODES, P. J., RENO, ROSS and GUNTHER, JJ.

*Abraham J. Levinson,* for appellant.

*Russell C. Wismer,* Special Deputy Attorney General and *Joseph P. Gaffney,* with them *Horace A. Segelbaum,* Deputy Attorney General, for appellee.

OPINION BY RHODES, P. J., March 16, 1954:

This is an appeal by Booker Hotel Corporation from an order of the Court of Quarter Sessions of Philadelphia County sustaining the action of the Pennsylvania Liquor Control Board in refusing to transfer a hotel liquor license.

The court below heard "the application de novo on questions of fact, administrative discretion and such other matters as are involved, . . ." Act of April 12, 1951, P. L. 90, §464, 47 PS §4—464.

In lieu of taking testimony before the court, the matter was considered upon the testimony taken before the Board.

The court below found that Girard College was within 300 feet of the premises proposed to be licensed by the transfer, and that the proposed transfer of the liquor license would be detrimental to the welfare of the boys attending the institution. The court determined that the Board did not abuse its discretion in refusing the transfer.

The Board in refusing the transfer had found, inter alia, that "The premises proposed to be licensed are located within 300 feet of nine churches and Girard College."

Appellant's contentions are (1) that the measurement as a matter of law should have been made to the nearest building of the college which is in excess of 300 feet from appellant's premises and (2) that the court below erred in not exercising its own independent discretion following the hearing de novo.

Upon the same testimony the court made no finding different from that of the Board. It is admitted that the premises in question are within 300 feet of the area occupied by Girard College. The said premises at 2001 Ridge Avenue, Philadelphia, are 245 feet from the nearest portion of the grounds of Girard College.

Appellant asserts that Girard College is a charitable institution and consequently section 15 of the regulations of the Board requires the measurement to be made to the "buildings" and excludes the surrounding grounds. However, the same regulation provides as to schools that the fixed point for measurement shall be the building and/*or the adjoining ground used in connection therewith.*

Section 404 of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 PS §4—404, provides "That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, . . ."

Although Girard College may be a charitable institution, as appellant argues, it is nevertheless a school. There was testimony that Girard College[1] is an insti-

---

[1] Girard College was established by Stephen Girard by his will dated February 16, 1830, and codicils of December 25, 1830, and June 20, 1831. He died on December 26, 1831. His will was probated December 31, 1831, and recorded in the office of the Regis-

tution established by Stephen Girard more than a century ago for the education and training of boys whose fathers have died, and that the student body aggregates 1,300, with a faculty and staff of approximately 450. In *Lester Liquor License Case,* 170 Pa. Superior Ct. 574, 578, 579, 87 A. 2d 794, 796, we said: "Section 202 of the Act [see 47 PS §2—207 (i)] provides in part that 'The board may . . . make such regulations, *not inconsistent with this act,* as it may deem necessary for the efficient administration of this act' (emphasis added); . . . the regulation of the board limiting the word 'hospital' to the buildings appears to be not only inconsistent with the primary purpose of the Act but to apply it in the instant case would retard, rather than promote, its 'efficient administration.' The regulations of the board cannot prevail over the provisions of the Act, as interpreted by this Court in the *DiRocco* case [167 Pa. Superior Ct. 381, 74 A. 2d 501]." Girard College is plainly within the categories which the Liquor Control Board is authorized in its discretion to protect under the Liquor Code.

We find no error in the determination of the court below that the Board did not abuse its administrative discretion in refusing the transfer of the hotel liquor license as requested by appellant. It was not for the court below to substitute its discretion on the same facts as found by the Board. On such facts it was for the court to determine whether the Board had abused its administrative discretion. *Rizzo Liquor License Case,* 174 Pa. Superior Ct. 143, 149, 100 A. 2d 135; *Zermani Liquor License Case,* 173 Pa. Superior Ct. 428,

---

ter of Wills, at Philadelphia, in Will Book No. 10, page 198. He gave in trust his residuary estate for the erection and endowment of a school, denominated by him as a "College," for the maintenance and education of certain orphaned boys. See *Soohan v. City of Philadelphia,* 33 Pa. 9.

431, 98 A. 2d 645; *William E. Burrell, I.B.P.O.E. of W. 737, Liquor License Case,* 172 Pa. Superior Ct. 346, 348, 94 A. 2d 110. See, also, *Azarewicz Liquor License Case,* 163 Pa. Superior Ct. 459, 62 A. 2d 78. The court of quarter sessions is not authorized to exercise *administrative discretion;* this is vested in the Board. As said in *Hotchkiss Liquor License Case,* 169 Pa. Superior Ct. 506, 511, 83 A. 2d 398, 400: "There is a marked distinction between a court substituting its judicial discretion for a bureau's administrative discretion and a court, in the exercise of its judicial discretion, finding a bureau guilty of· an abuse of its administrative discretion."

Appellant cites *Com. v. Herzog,* 359 Pa. 641, 60 A. 2d 37, as presenting a parallel situation. But that case involves section 616 of The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 PS §193. That decision and others construing this section of The Vehicle Code hold that an appeal to the court of common pleas or the County Court of Allegheny County is not for the purpose of reviewing the evidence taken before the Secretary of Revenue and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended. *Com. v. Cole,* 350 Pa. 369, 371, 39 A. 2d 361; *Com. v. Emerick,* 373 Pa. 388, 395, 96 A. 2d 370. The decision cited is plainly inapplicable.

Girard College was the only restrictive institution to file a formal protest and be represented at the Board hearing, but in addition to the president of the college several witnesses, two being pastors of neighborhood churches, testified to the conditions in the neighborhood, to the excessive number of licensed places in the vicinity of the college and the churches, and to the distressing conditions due to an already abundance of

such licensed places in the locality. It was testified that an additional license would aggravate an unfavorable condition now existing in the neighborhood in which the students and the staff of the college move.

Our statement in *Rizzo Liquor License Case,* supra, 174 Pa. Superior Ct. 143, 148, 149, 100 A. 2d 135, 138, is applicable to the present appeal: "Section 104 (a), 47 PS §1—104, relating to interpretation of the Liquor Code provides: 'This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth . . . and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose.' The liberality enjoined is in the interest of the public welfare and not in aid of an individual seeking a transfer of a liquor license for his private gain. The language of §468 clearly gave the Board an administrative discretion in refusing the transfer of a liquor license and there was no abuse in its exercise in this case. In our view there can be no doubt of the validity of that construction of §468 if liberally construed in the public interest as it must be."

Order is affirmed at appellant's costs.