Rzasa's Liquor License Case.

Argued April 11, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Andrew J. Gleason,* with him *Samuel R. DiFrancesco,* for appellant.

*Edward J. Harkins,* with him *Robert J. Wharton* and *Harkins & Wharton,* for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

On September 1, 1949, the Pennsylvania Liquor Control Board received an application for a hotel liq-

uor license from Magdaline Rzasa, trading and doing business as the Eighth Ward Hotel, for premises situate at 984 Franklin Street, Johnstown, Cambria County.

A hearing was held on the application on March 8, 1951. The board, on April 5, 1951, by its order refused the license, and found that the premises proposed to be licensed are located within 300 feet of the Mercy Hospital. The Court of Quarter Sessions of Cambria County, after hearing de novo,[1] dismissed the applicant's appeal. The court below found, as did the board, that the premises proposed to be licensed were well within the statutory limitation of 300 feet from the hospital, and that the board did not abuse its discretion in refusing the application.

Applicant has appealed to this Court from the order of the court below of April 13, 1954.

Appellant's contention is that the measurements should have been taken from the nearest point of appellant's building to the nearest point of the old hospital building as it existed at the time the application[2] was filed.

Mercy Hospital protested and opposed the grant of a license to appellant at the designated location. At the hearing de novo before the court below on May 4, 1953, testimony was presented by appellant and protestants. There was testimony to the effect that, at the time the application was received by the board on September 1, 1949, the closest portion of the hos-

---

[1] "The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, . . ." Act of April 12, 1951, P. L. 90, Art. IV, §464, 47 PS §4—464.

[2] The filing of an application for a liquor license gives a person no contract or property rights. *Spankard's Liquor License Case*, 138 Pa. Superior Ct. 251, 258, 259, 10 A. 2d 899.

pital building proper to appellant's premises was 422 feet; that these premises were 135 feet from the nurses' home located at 995-997 Franklin Street, and 183 feet from the combination home and nurses' training school at 1002 Franklin Street. The nurses' home and the combination home and training school are physically unconnected with the hospital building itself. After appellant filed her application, the construction of an addition to the hospital building was begun. At the time of the hearing on the application on March 8, 1951, before an examiner of the board, at least girders for three stories had been erected on a cement foundation of the new addition. At the time of the hearing de novo before the court of common pleas on May 4, 1953, the new portion of the hospital had been completed and was being occupied by patients. From the premises proposed to be licensed this new addition was 258 feet. Upon consideration of the record, the court below in its opinion said: "At the time the application for hotel liquor license was made, on August 31st, 1949, the only hospital building erected upon the premises owned by the Mercy Hospital of Johnstown was the old hospital building. The distance from the nearest point of the old hospital building to the nearest point on the premises proposed to be licensed was 422 feet, or well beyond the 300 feet limitation. However, seven months after the appellant's application for license had been filed, work was commenced upon a new hospital building which had been completed prior to the hearing before this court. Measurements made in accordance with the regulations of the Liquor Control Board show that the distance from the nearest point of the premises proposed to be licensed to the nearest point on the north wall of the new hospital building, where there is a rear entrance, is 258 feet. . . . we must determine that the distance between the prem-

ises proposed to be licensed and the new Mercy Hospital building is 258 feet, and therefore well within the statutory limitation of 300 feet. . . . If [the] contention that 'nurses in training are an integral part of the operation of a hospital . . .' be adopted, then the building housing the nurses' training school, being an integral part of the hospital, becomes a hospital building. Since it was used for that purpose long before the application for license was filed and is within 180 feet of the appellant's premises, her premises, under the construction urged, would be well within the 300 feet limitation."

On the hearing de novo the court properly heard all relevant and competent evidence that the parties wanted to present on the issue before it, and sustained the refusal of the license. The court below having made the same finding of fact as the board could not substitute its discretion for that of the board; it could determine only whether the board had abused its administrative discretion. *Booker Hotel Corporation Liquor License Case*, 175 Pa. Superior Ct. 89, 92, 103 A. 2d 486; *Her-Bell, Inc., Liquor License Case*, 176 Pa. Superior Ct. 206, 107 A. 2d 572.

We have frequently said that one of the purposes of the act is to discourage the establishment of places dispensing alcoholic beverages in the vicinity of schools, hospitals, and playgrounds, and that therefore the act must be liberally construed to carry out that purpose. *Booker Hotel Corporation Liquor License Case*, supra, 175 Pa. Superior Ct. 89, 103 A. 2d 486; *Rizzo Liquor License Case*, 174 Pa. Superior Ct. 143, 100 A. 2d 135; *DiRocco Liquor License Case*, 167 Pa. Superior Ct. 381, 74 A. 2d 501; Act of April 12, 1951, P. L. 90, Art. I, §104 (a), 47 PS §1—104.

Acceptance of appellant's contention could preclude questioning the proximity of the proposed li-

censed premises to the hospital at a subsequent time. Section 464 of the Act of April 12, 1951, P. L. 90, Art. V, 47 PS §4—464, provides in part: "In considering the renewal of a license, the board shall not refuse any such renewal on the basis of the propriety of the original issuance or any prior renewal of such license." In *DiRocco Liquor License Case*, supra, 167 Pa. Superior Ct. 381, 384, 74 A. 2d 501, where, at the time of hearing before the lower court, no school building had been erected but test borings had been made upon the land, plans for the erection of a high school building had been prepared and approved, and the school board had advertised for bids for its construction, we said that this section would prohibit a school board from raising the question of the proximity at the time of the license renewal. In the present case, the addition of the new hospital building was well beyond such preliminary work at the time of the hearing before the board and the addition in fact had been completed and was in use at the time of the hearing before the court.

Without passing upon the conclusion of the court below that the nurses' training school at Mercy Hospital is not a school within the contemplation of the Liquor Code, we are nevertheless of the opinion that the building used for training of nurses in connection with the hospital, as disclosed by the record, constituted an integral part of the hospital itself.

The fact that there were a number of other licensed places in the vicinity of the hospital does not require the granting of an additional license to appellant, and there was no abuse of discretion on the part of the Liquor Control Board in denying the application as empowered by section 403 of the Pennsylvania Liquor Control Act of 1933, as amended, 47 PS §744—403, now section 404 of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 PS §4—404. It would be unreason-

able to aggravate an unfavorable condition by granting an additional license. See *Booker Hotel Corporation Liquor License Case,* supra, 175 Pa. Superior Ct. 89, 94, 103 A. 2d 486.

That the premises in question are within 300 feet of the hospital is established in accordance with section 15 of the regulations of the board, effective September 15, 1948, as well as under section 101.02 of the regulations of the board effective June 25, 1952. The regulations effective September 15, 1948, provided that the measurements shall be made from the premises proposed to be licensed to the hospital building, while the regulations effective June 26, 1952, provided that the point for measurement shall be the hospital building and/or the adjoining ground used in connection therewith. See *Lester Liquor License Case,* 170 Pa. Superior Ct. 574, 578, 87 A. 2d 794.

Other questions raised in the court below need not be considered on this appeal, and we shall not pass upon them, as the evidence supports the finding of the board and the court that Mercy Hospital is within 300 feet of the premises proposed to be licensed.

Order is affirmed, at appellant's cost.