## Weiss Liquor License Case.

90

Argued March 27, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*George Celain,* with him *Erwin L. Pincus,* for appellant.

*Russell C. Wismer,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *Thomas D. McBride,* Attorney General, for Liquor Control Board, appellee.

*Israel Stiefel,* for protestant, appellee.

OPINION BY WRIGHT, J., June 11, 1958:

Max Weiss filed with the Pennsylvania Liquor Control Board an application for the transfer of a restaurant liquor license, originally issued for premises at 16th and Walnut Streets, to premises at 601 North 34th Street in the City of Philadelphia. The application was protested by the Thirty-fourth Street Baptist Church. The Board granted the application, whereupon the church appealed to the Court of Quarter Sessions. Said tribunal sustained the appeal of the church, and vacated the order of the Board. Max Weiss has appealed.

The Liquor Code[1] is to be liberally construed in the interest of the public welfare and not in aid of an individual seeking the transfer of a liquor license for his private gain: *Booker Hotel Corporation Liquor License Case,* 175 Pa. Superior Ct. 89, 103 A. 2d 486. Under Section 464 of said statute (47 P.S. 4-464) churches located within 300 feet of the licensed premises are expressly permitted to appeal from the Board's approval of any such transfer. The reason given by appellee's distinguished counsel for this statutory provision is set forth in the footnote.[2]

---

[1] Act of 1951, P. L. 90, 47 P.S. 1-101 et seq.

[2] "The answer to this question goes back to the beginnings of mankind's great religions and thereafter through almost two millenia when places of worship were universally singled out as repositories of the quintessences of human decencies and communion with God. Especially was the aspect of the communion with God

In the case at bar there was a hearing on November 19, 1956, before the Board's examiner. An enforcement officer testified as to his investigation of the premises. Three witnesses testified on behalf of the protestant, and the applicant testified briefly in rebuttal. Counsel for appellee asserts that the examiner recommended that the transfer be disapproved. Be that as it may, on November 30, 1956, the Board addressed a letter to counsel for appellee stating therein that the license had been transferred. Following the church's timely appeal, the Court of Quarter Sessions conducted a hearing de novo. In the absence of any fact finding by the Board, the court properly made its own findings. See *Haase Liquor License Case*, 184 Pa. Superior Ct. 356, 134 A. 2d 682. Those pertinent to the issue before us are as follows:

"3. The said Max's Bar is located within 300 feet of the 34th Street Baptist Church, to wit, approximately 149 feet distant.

of paramount importance to mankind since this provided channels for ennoblement and sources of solace to the perplexed and downtrodden. Communion with God requires silence and distance from the boiling cauldrons of human frailties. This is the reason why prophets repaired to deserts; why the ancient sect of Essens (now again renowned because of the Scrolls of the Dead Sea) have lived in the wilderness away from the tumult of the world; why usually seats of worship were built on hillocks or secluded in the ancient times amidst dense groves of trees.

"Our rushing civilization and machine age are tumultuous and all-pervasive in some of their cankering effects—it is very hard to escape their constant onslaught on seclusion or seats of spiritual asylum. Nowadays places of worship, especially in metropolitan areas, if at all possible, strive to be oases of calm and serenity. Apparently this is the reason why the legislators deemed it advisable to throw a cordon of protection for places of worship against orgies of inebriation, against ugly debaucheries and revolting sights of human beings stupefied and degraded by liquor into condition of repellent irresponsibility, by providing the 300 feet distance".

"4. Prior to April 30, 1954 Weiss obtained a malt beverage license for his establishment then located at the Southeast corner of 34th Street and Haverford Avenue, and the 34th Street Baptist Church then agreed with Weiss that it would not oppose the granting of such license upon Weiss' assurance that nothing stronger than beer would ever be sold at his establishment, the said Max's Bar . . .

"6. On or about Sunday, November 18, 1957 the 34th Street Baptist Church, in executive session, passed a resolution opposing the transfer of a restaurant liquor license to 601 North 34th Street, the present location of Max's Bar . . .

"12. Intoxicated individuals have, on numerous occasions, urinated in the alleyway beside the church . . .

"13. Intoxicated persons have, on many occasions, loitered on the church steps at times when weekday services were being held.

"14. Broken bottles, having contained alcoholic beverages as labelled, have regularly been found about the church premises.

"15. The urination, above referred to, has occurred at times when church members were about to enter the church for services.

"16. Regurgitation by inebriates has been made on the premises of the church . . .

"18. The transferring of a restaurant liquor license to appellant's establishment would be detrimental to the welfare, health, peace and morals of the neighborhood, including the peace and welfare of protestants' religious institution.

"19. The Board abused its discretion in allowing the transfer aforesaid and the judgment it exercised is manifestly unreasonable".

As stated in appellant's brief: "The principal question in this appeal is whether the Pennsylvania Liquor Control Board abused its discretion in ordering the transfer of the license to the appellant's premises and rejecting the protest of the church". Our review of the record has convinced us that the court below was justified in concluding that the Board did abuse its discretion in the case at bar, and the order of the court will therefore be affirmed.

It is of course true that the administrative discretion rests with the Board: *DeAngelis Liquor License Case*, 183 Pa. Superior Ct. 388, 133 A. 2d 266. However, the exercise of administrative discretion under the Liquor Code is always subject to judicial review: *Zermani Liquor License Case*, 173 Pa. Superior Ct. 428, 98 A. 2d 645. There is no merit in appellant's argument that the court's findings pertained to matters arising after the grant of the license and not considered by the Board, nor do we agree that the findings are not supported by the evidence. On a hearing de novo it is proper for the court to hear all relevant and competent evidence which the parties desire to present on the issue before it: *Rzasa's Liquor License Case*, 179 Pa. Superior Ct. 30, 115 A. 2d 797. In the case at bar, the testimony taken on November 19, 1956, was made part of the record for the court's consideration. The additional testimony was more extensive, but was expressly limited to matters occurring prior to the date of the hearing before the Board's examiner.

In conclusion, we are in entire accord with the statement by Judge GRIFFITHS, ". . . that it would be most difficult to understand how the presence of this licensee at this location would not be a detriment to the neighborhood as well as these protestants in particular. Women and children attend this house of worship as well as men. To have the former subjected to

such influences as urination, and regurgitation about the church, broken bottles and loitering inebriates is a circumstance that should not be permitted, let alone the fact that men should not be required to endure such. If such conditions were permitted they would indeed drive people from the house of worship and cause them to seek spiritual growth and insight elsewhere".

Order affirmed.

CONCURRING OPINION BY ERVIN, J.:

I concur in the result. This is just another in a long line of cases which keep coming before our Court and which clearly demonstrate why the majority should have adopted the reasoning in my dissenting opinion in *425-429, Inc. Liquor License Case*, 179 Pa. Superior Ct. 235, 243, 116 A. 2d 79.

WATKINS, J., joins in this opinion.