Clinton Management, Inc., Liquor License Case.

Argued September 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Harry W. Steinbrook,* with him *Blank, Steinberg, Balder & Steinbrook,* for appellant.

*Russell C. Wismer*, Special Assistant Attorney General, with him *Horace A. Segelbaum*, Assistant Attorney General, and *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY WRIGHT, J., November 14, 1958:

This case involves the refusal of the Pennsylvania Liquor Control Board to approve the transfer of a hotel liquor license. The action of the Board was sustained by the court below, and the applicant for the transfer has appealed.

Clinton Management, Inc., referred to hereinafter as Clinton, formerly operated and held a hotel liquor license for premises known as the Hotel Clinton at 303-09 South 10th Street in the City of Philadelphia. Said premises were destroyed by fire on February 28, 1952, and the license has since been in the custody of the Pennsylvania Liquor Control Board. Clinton is also the owner and operator of premises known as the King Hotel located at 1029-31 Spruce Street. On December 21, 1956, Clinton filed with the Board an application, apparently the third, for transfer of the license to the King Hotel. At the hearing on July 17, 1957, before the Board's examiner, the transfer was protested by the Jefferson Medical College of Philadelphia, hereinafter referred to as Jefferson, by the Spruce Street Area Improvement Association, and by the Brith Achim Beneficial Association. Testimony of the following witnesses was heard: an enforcement officer of the Board, Jefferson's assistant superintendent, its assistant director of nurses, and a representative of the Brith Achim Beneficial Association. In its opinion and order dated November 27, 1957, the Board refused to approve the transfer on the ground that the premises were located within 300 feet of the Nurses' Home, the Brith Achim Beneficial Association, and the

Priory House. Appellant concedes the necessary inference to be a finding by the Board that these were restrictive institutions under the relevant provision of the Liquor Code.[1] Upon appeal to the Court of Quarter Sessions, the testimony before the examiner was made part of the record, and additional testimony was heard from the following witnesses: the executive secretary of the Brith Achim Beneficial Association, a member of the board of directors of the Priory House, and two representatives of the Spruce Street Area Improvement Association. In its opinion and order filed April 24, 1958, the court below found that both the Priory House and the Nurses' Home (but not the Brith Achim Beneficial Association) were restrictive institutions within the meaning of the Liquor Code, and that the Board had not abused its discretion in refusing to approve the transfer.

Appellant's first contention is that there was nothing in the record before the Board to show the existence of a restrictive institution, and therefore the refusal of the application by the Board constituted an abuse of its discretion. Appellant stresses the fact that the only evidence before the Board as to the nature of the Priory House was the brief testimony of the enforcement officer.[2] It should perhaps be noted that this witness was not cross-examined, and that appellant offered no contradictory evidence. Additional testi-

---

[1] ". . . Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground . . ." Act of April 12, 1951, P. L. 90, Section 404, 47 P.S. 4-404.

[2] "Q. What is the Priory? A. It is a home for derelicts and old men obtaining Social Security. Religious services are held. The person in charge is Bishop Francis Parkins".

mony as to the exact nature of the Priory House was taken at the hearing de novo before the Court of Quarter Sessions.[3] As to the Nurses' Home, the testimony before the Board was in complete detail, and no further testimony was taken in this regard at the hearing de novo. In any event, it is proper for the Court of Quarter Sessions to hear all relevant and competent evidence which the parties desire to present on the issue before it: *Weiss Liquor License Case,* 187 Pa. Superior Ct. 89, 142 A. 2d 385. It is upon the record made at the hearing de novo that the Court of Quarter Sessions determines whether or not the Board abused its discretion. Cf. *Burrell I.B.P.O.E. of W. 737, Liquor License Case,* 172 Pa. Superior Ct. 346, 94 A. 2d 110.

Appellant next contends that neither the Nurses' Home nor the Priory House is a restrictive institution within the meaning of the Liquor Code. First considering the Nurses' Home, the testimony discloses that Jefferson extends from Tenth to Eleventh Streets between Sansom Street on the north and Walnut Street on the south. It maintains a hospital, a school for medical students, and a school for nurses. At 1008-1020 Spruce Street, a distance of 65 feet from the King Hotel, Jefferson owns and operates certain premises as a dormitory for its student nurses. There are over 200 of these young women, for the most part in the 18 to 21 year age group. They receive their training at Jefferson and constantly travel on foot between the two locations, a distance of some 2 blocks. Appellant stresses the fact that in *Rzasa's Liquor License Case,* 179 Pa. Superior Ct. 30, 115 A. 2d 797, we stated that

---

[3] ". . . The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved . . ." Act of April 12, 1951, P. L. 90, Section 464, 47 P.S. 4-464.

the nurses' training school was an integral part of Johnstown's Mercy Hospital, but did not make a similar statement with regard to the nurses' home. It was unnecessary in the *Rzasa* case to pass upon the latter question, but there can be no logical distinction between the building in which nurses are trained and the building in which they are housed. In the instant case Jefferson is a school as well as a hospital. The housing of its student nurses is as essential as their training. The dormitory has no purpose for existence other than as an integral part of the school and hospital. The tax exemption cases cited by appellant[4] are inapposite. We agree with the court below that the Nurses' Home "is a part of the Jefferson Medical College and is a part of a school and hospital within the meaning of the Liquor Code".

Appellant also contends that the Priory House is not a restrictive institution within the meaning of the Liquor Code. The Priory House is located at 1111-15 Spruce Street, a distance of 205 feet from the King Hotel. It is a non-profit corporation organized "To benefit and aid the unemployed, and the aged, and assist those in search of work; to care for those in need, regardless of race, color or creed . . ." Of the 40 inmates, 25 receive checks from the Department of Public Assistance, and contribute to their own support. The other 15 inmates do not pay anything. A considerable portion of the operating expense comes from the voluntary contributions of persons who are interested in the work of the Priory House. Old Catholic religious services are held regularly, and there is a church

---

[4] *First Baptist Church of Pittsburgh v. Pittsburgh*, 341 Pa. 568, 20 A. 2d 209; *Wynnefield Presbyterian Church v. Philadelphia*, 348 Pa. 252, 35 A. 2d 276; *Ogontz School Tax Exemption Case*, 361 Pa. 284, 65 A. 2d 150; *Hill School Tax Exemption Case*, 370 Pa. 21, 87 A. 2d 259.

membership of 89 persons, exclusive of the inmates. The services are in charge of a resident Priest. Appellant argues that there was no proof of the existence of a charitable institution because some of the inmates contribute their assistance checks; further, that there was no proof of the existence of a religious institution because there is no church sign on the exterior, and the building is not used exclusively for religious services. We do not find these arguments convincing. To the contrary, we agree with the court below "that the Priory House is a charitable and religious institution within the meaning of the Liquor Code". Appellant relies principally on *Her-Bell, Inc. Liquor License Case,* 176 Pa. Superior Ct. 206, 107 A. 2d 572, but that case fully supports our position. Nor is it material that the Priory House did not protest the application for transfer. See *Haase Liquor License Case,* 175 Pa. Superior Ct. 618, 106 A. 2d 865.

Appellant's final argument is that "the grant of discretion by the legislature to the Board, without standards, is invalid" because it constitutes an unlawful delegation of legislative authority in violation of Article 2, Section 1 of the Constitution of the Commonwealth. While this contention was not advanced in the lower court, see *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530, we will nevertheless answer it briefly. Appellant refers to the majority opinion in *Obradovich Liquor License Case,* 386 Pa. 342, 126 A. 2d 435, and to the dissenting opinion in this court. See *Obradovich Liquor License Case,* 180 Pa. Superior Ct. 383, 119 A. 2d 839. However, it should be noted that the Supreme Court decided the *Obradovich* case solely on the extent of the Board's authority under Section 468 of the Liquor Code (47 P.S. 4-468), and expressly did not consider the suggested absence of standards. The discretion of the

Board under Section 404 was not involved or questioned. In fact, discussing Section 404 in his dissent, Judge ERVIN stated that it "does contain a proper delegation of power". The other cases cited by appellant[5] are not controlling. Section 404 of the Liquor Code establishes a definite standard for the Board to follow, namely, the existence of a restrictive institution within a distance of 300 feet. We are clearly of the opinion that the section is free of constitutional infirmity. See *Commonwealth of Pennsylvania Water and Power Resources Board v. Green Springs Co.,* 391 Pa. 1, 145 A. 2d 178.

The Liquor Code is to be liberally construed in the interest of the public welfare and not in aid of persons seeking the transfer of a liquor license for private gain: *Weiss Liquor License Case,* supra, 187 Pa. Superior Ct. 89, 142 A. 2d 385. Having performed our function on this appeal, see *Fumea Liquor License Case,* 186 Pa. Superior Ct. 609, 142 A. 2d 326, we find that there is evidence to support the order of the court below and that there has been no error of law or abuse of discretion.

Order affirmed.

---

[5] *Holgate Brothers Co. v. Bashore,* 331 Pa. 255, 200 A. 672; *Bell Telephone Company of Pennsylvania v. Driscoll,* 343 Pa. 109, 21 A. 2d 912; *Hotel Casey Co. v. Ross,* 343 Pa. 573, 23 A. 2d 737; *Commonwealth v. Franklin,* 172 Pa. Superior Ct. 152, 92 A. 2d 272; *Weinstein Liquor License Case,* 159 Pa. Superior Ct. 437, 48 A. 2d 1; *Kellerman v. Philadelphia,* 139 Pa. Superior Ct. 569, 13 A. 2d 84.