## State Real Estate Commission v. Evers

*William C. Sennett,* Attorney General, and *Morris Chernock,* for Commonwealth.

*Lee C. Swartz,* for appellant.

BOWMAN, J., April 29, 1968.—In this appeal from an adjudication of the State Real Estate Commission revoking appellant's license as a real estate broker, he readily admits that incident to the transaction which led to the commission's adjudication he was guilty of violating provisions of the Real Estate Brokers License Act of 1929,[1] but insists that the penalty imposed by the commission constituted an arbitrary, capricious and unreasonable act on its part.

---

[1] Act of May 1, 1929, P. L. 1216, 63 PS §431.

From the record made before the commission it appears that an individual engaged in the laundry business was required to relocate his business, and, in late November 1965, sought appellant's services for this purpose.[2] A particular property was believed to be available and suitable for this person's needs and he was induced to execute an agreement to purchase the same. This writing provided for a purchase price of $39,000 and deposit money of $5,000 to be returned to the client if the offer to purchase was not accepted by the owner within 60 days. This document was dated November 24, 1965. The owner of the subject property did not accept the offer to purchase within 60 days or thereafter, and, to date of the board's adjudication, appellant had not refunded the deposit money received by him. After frequent demands for the return of the money, complainant retained counsel who later obtained a judgment note from appellant in favor of his client for the amount of the deposit. This note was dated March 17, 1966, and was later entered as a judgment against appellant and remains unsatisfied.

While the record discloses only that appellant deposited the complainant's deposit money to his own account in a particular bank, he does admit it was disbursed by him for his own business purposes or personal use and that he did not maintain an escrow account which complied with the regulations of the commission on this subject. While not admitted, it is nevertheless clear that appellant either did not maintain adequate business records as tested by any reasonable standard, or if such were maintained they were not disclosed to the commission's investigator when investigating the complaint which led to the revocation of appellant's license.

---

[2] It was this individual's complaint which led to a citation being issued against appellant and a hearing before the commission.

At the hearing before the commission appellant offered no direct testimony on his own behalf but did make a statement, while cross-examining complainant, to the effect that the deposit money in question in some fashion was converted into a loan from the complainant to appellant. Evidence in the record affords the commission ample justification for rejecting any such contention.

In contending that the severity of the commission's action in revoking his license was arbitrary and capricious, appellant points to a number of findings of fact and conclusions of law based in part on such findings of fact as being unsupported by substantial evidence. From this he would have us conclude that the multiple violations of the Real Estate Brokers License Act of which appellant was found guilty by the commission unreasonably influenced its severe penalty, particularly when considered in the context of a single incident and as applied to a person whose record is otherwise unblemished by citation or other prior commission action.

Based upon its findings of fact, the commission made 8 conclusions of law which found appellant to be guilty of violating 8 different subsections of section 10 of the statute in question. Appellant excepted to 5 of these 8 conclusions.

Those not excepted to found appellant to have (1) Failed to account for and pay over money belonging to others which came into his possession incident to a real estate transaction; (2) acted with respect to a real estate transaction with incompetency, bad faith or dishonesty; and (3) failed to retain in his possession money accepted by him incident to a real estate transaction and to account therefor in full upon its termination or consummation.

Those conclusions of law to which appellant excepted found appellant to have (1) Knowingly made a sub-

stantial misrepresentation; (2) knowingly made a false promise of a character likely to influence, persuade or induce another to act; (3) commingling of money of others with his own; (4) failing to deposit a client's money in an escrow account and to account for same on termination or consummation of the transaction for which deposited: (5) failing to keep adequate records of deposited funds indicating time, source, place of deposit and withdrawal and other pertinent information.

We have carefully reviewed the record to determine if there is substantial evidence upon which the commission based its findings of fact and the conclusions of law to which appellant has filed exceptions.

We do not propose to review in detail the evidence or the findings of fact made by the commission based upon the record. We are of the opinion that all of the conclusions of law made by the commission are supported by facts based upon substantial evidence with two exceptions, namely, the legal conclusions that appellant (1) Knowingly made a substantial misrepresentation and (2) knowingly made a false promise of a character likely to influence, persuade or induce another to act. Both of these conclusions are based upon factual findings incident to the original discussions between complainant and appellant as to the former's need to relocate his business. The commission found that appellant falsely represented to the complainant that a particular property was for sale at a particular price. Considering complainant's testimony at face value, we can find no substantial basis for such findings. At best, the evidence discloses that appellant represented the property in question was suitable and was generally on the sales market. We can find no evidence that he represented that the owner unqualifiedly offered it for sale at a fixed price. This is evident to us by the terms of the agreement to purchase which

complainant executed and which clearly indicated it was binding only upon acceptance by the owner of the property.

Therefore, we conclude that the commission's findings of fact and conclusions of law based thereon are supported by substantial evidence with the exceptions noted.

This brings us to appellant's basic contention which is that the penalty imposed by the commission in revoking appellant's license was an arbitrary, capricious and unreasonable act under the circumstances of this case and which appellant would have us modify.

With substantial evidence lacking to sustain 2 of the 8 legal conclusions reached by the commission, we cannot unqualifiedly affirm the commission's determination in its entirety. This being so, do we possess the authority to set aside or modify the penalty imposed by the commission, and, if so, by what criteria or standard do we act?

Section 44 of the Administrative Agency Law[3] under which this appeal was taken directs us to hear it on the record made before the commission and then further provides:

"After hearing, the court shall affirm the adjudication unless it shall find that the same . . . is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole, or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court".

Section 2 of this same act defines an "adjudication" to be:

". . . any final order, decree, decision, determination or ruling by an agency affecting personal or

---

[3] Act of June 4, 1945, P. L. 1388, 71 PS §1710.44.

property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made . . ."

Considering these two sections together, they suggest that where an administrative adjudication is not in accordance with law or an essential finding of fact is not supported by substantial evidence, the court is afforded discretion to either remand the case to the administrative agency for further proceedings or to retain jurisdiction over it and finally dispose of it by setting aside or modifying the final order or other action of the administrative agency which constitutes its "adjudication" as defined by statute.

In at least two recent cases we have reached such a conclusion where modification of an adjudication was indicated, although we did so without extended discussion. In State Real Estate Commission v. Campbell, 39 D. & C. 2d 749 (1966), having decided that 1 of 6 legal conclusions of an administrative agency was not supported by substantial evidence, we found the penalty of revocation of licensure too severe and modified it to one of 6 months suspension. In Pennsylvania State Board of Pharmacy v. Pastor, having decided that 1 of 2 legal conclusions of the board was not supported by substantial evidence, we found a revocation of licensure too severe and modified it to one of 6 months suspension.

The discretion reposed in the court by these statutory provisions, however, is not unlimited. In Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598 (1955), we set aside an adjudication for palpable procedural shortcomings, the absence of findings of fact and unfounded conclusions, and in doing so refused to remand the case to the administra-

---

[4] Court of Common Pleas of Dauphin County, Commonwealth Docket 1965, no. 224, opinion dated November 27, 1967, not yet reported.

tive agency for further proceedings. In concluding that there was an abuse of judicial discretion, the Superior Court stated, pages 605, 606:

"Under the circumstances, it was clearly an abuse of the discretionary power of the court where it set aside the administrative proceeding for noncompliance with the Administrative Agency Law and as lacking in due process and did not remand to the administrative body for further action and disposition. Although the judiciary, through the application of fundamental law, may act as a check upon excesses of administrative power, a court in reviewing the adjudication of such an agency should not act in a manner that fails to give full effect to the remedial intent of the law. . . . 'Courts no less than administrative bodies are agencies of government. Both are instruments for realizing public purposes.' Scripps-Howard Radio, Inc. v. Federal Communications Commission, 316 U. S. 4, 15, 62 S. Ct. 875, 86 L. Ed. 1229, 1237. The failure to remand in the present case resulted in an untenable judicial interference with the administrative function. The distinction between judicial review of administrative discretion and substituting judicial discretion for administrative discretion is by now well recognized. Hotchkiss Liquor License Case, 169 Pa. Superior Ct. 506, 511, 83 A. 2d 398; Booker Hotel Corporation Liquor License Case, 175 Pa. Superior Ct. 89, 93, 103 A. 2d 486. Where the administrative body has made invalid or inadequate findings or has not afforded a fair hearing, the court granting judicial review can and should remand the case to the administrative body 'for further proceedings to the end that valid and essential findings may be made [citing cases].' Ford Motor Co. v. National Labor Relations Board, 305 U. S. 364, 373, 59 S. Ct. 301, 83 L. Ed. 221, 230".

and further, page 607:

"If after judicial review administrative proceedings remain indefinite and unconcluded, remand for further administrative action is necessary for the fulfillment of the administrative process".

In commenting upon the scope of judicial review under a statute affording the reviewing court the power to modify an adjudication, 2 Am. Jur. 2d, Administrative Law, §762, states:

"The scope of administrative discretion should be regarded when a court is called upon to modify ancillary features of a valid agency order, and the court should not lightly modify the orders of an expert agency. The court may decline to exercise its power to modify an order, and instead will remand the case for further proceedings, where the matter requires exercise of an informed expert judgment to which great weight would be given in the reviewing court and the question at issue has not been passed upon by the administrative agency.

"The power to modify or set aside in whole or in part is not authority to exercise an essentially administrative function".

Considering the pertinent statutory provisions and the announced principles to be applied in exercising our judicial discretion, we cannot declare that the commission abused its discretion in imposing a penalty of license revocation in the instant case. We have found that 6 of the 8 conclusions of law reached by the commission were supported by substantial evidence, and more importantly, that all 6 of said conclusions are supported by substantial evidence showing appellant to have been flagrantly guilty of violating several provisions of the Real Estate Brokers License Act designed to protect the public dealing with such licensees. Furthermore, a substantial sum of money is involved which has not been returned to the owner. The two legal conclusions reached by the commission

which we have found to be unsupportable by substantial evidence have only relative significance to the more serious violations which the commission has found to exist and which undoubtedly were of prime significance in its imposing the severe penalty of license revocation. To modify the commission's adjudication under such circumstances by substituting a suspension in lieu of revocation would be perilously close to, if not in fact, a substitution of judicial discretion for administrative discretion. Nor do we believe this case warrants a remand to the commission in light of our determinations. The administrative proceeding itself was conclusive, the adjudication is complete and gives evidence of being fully considered. We have no reason to believe that the commission in light of our affirmance of the serious statutory violations of which the commission found appellant to be guilty would modify its adjudication as to the penalty to be imposed notwithstanding our disapproval of its conclusions as to two lesser but related violations.

For the foregoing reasons, we make the following

ORDER

And now, April 29, 1968, the appeal of Paul E. Evers from the adjudication of the State Real Estate Commission revoking his real estate broker's license is hereby dismissed. Costs to be paid by appellant.