## Chernock v. Liquor Control Board

*Correale F. Stevens*, for appellant.

*Thomas F. Kilroe*, contra.

HOURIGAN, J., August 13, 1974.—This case is before the court on appeal of James J. Chernock from the denial by the Liquor Control Board of his request for a new restaurant liquor license for premises at the Airport Road, Hazle Township, Luzerne County, Pa.

At the hearing before the court, the parties, by stipulation, agreed that the testimony submitted before the hearing examiner would be submitted to this

court in lieu of calling the witnesses who appeared at the hearing. Further, appellant, James J. Chernock, called only one additional witness.

The record shows that Hazle Township has a quota of three licenses. Licenses in effect and counted against the quota are 14 restaurant liquor licenses, and one eating place malt beverage license. Also located in the township but not counted against the quota, are four hotel liquor licenses and two club licenses. Since the number of licenses in the township is in excess of its quota, appellant has asserted that the area is a resort area and, therefore, additional licenses, if need be shown, may be issued in the township.

"Discretion to determine whether or not a municipality is located within a resort area is, by the express language of the Liquor Code, vested in the Board. 'The court of quarter sessions is not authorized to exercise administrative discretion; this is vested in the Board': Booker Hotel Corp. Liquor License Case, 175 Pa. Superior Ct. 89, 103, A.2d 486. 'We recognize that administrative discretion must be subject to judicial scrutiny or it will no longer be discretion but tyranny . . . However, there must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administrative board': 425-429 Inc. Liquor License Case, 179 Pa. Superior Ct. 235, 116 A.2d 79. While it is upon the record made at the hearing de novo that the court of quarter sessions determines whether or not the Board abused its discretion, Clinton Management, Inc. Liquor License Case, 188 Pa. Superior Ct. 8, 145 A.2d 873, the court of quarter sessions may not substitute its discretion for that of the Board. See Azarewicz Liquor License Case, 163 Pa. Superior Ct. 459, 62 A.2d 78": Bierman Liquor License Case, 188 Pa. Superior Ct. 200, 203-04.

The evidence reveals the following:

Appellant's property is located on the Old Airport Road, equally distant from two major highways, Routes 309 and 29, both of which are located three-fourths miles from appellant, and at that point run parallel to each other. The major crossroads of Interstates 80 and 81 is two and one-half miles north of appellant's property.

James F. Clark, Enforcement Officer for the Liquor Control Board, testified that he interviewed the Superintendent of Mails of the Hazleton Post Office, who informed him that there was no influx of people at any time of the year and that the area has a stable population. Further, he testified that, in his opinion, the area was not a resort area.

The following facilities are located in the area of appellant's property:

Lake Irene, a public facility for hunting, fishing and boating, located five-eighths of a mile away.

Pocono Airways, one mile away, located at the Hazleton Municipal Airport, has a base for sight seeing and commercial photography and also air shows and sky diving.

Anthracite Museum in Eckley is five miles away.

Eagle Rock Ski Area is five and one-half miles from appellant's property.

Big Valley, Valley of the Lakes, a resort community, nine miles away.

All of the above are located in Hazle Township. Although not in the township, the following are located near appellant's property.

Lake of the Four Seasons is three and one-half miles away in adjacent Butler Township. It is a complete vacation community with approximately 25 residential summer homes completed and further, 200 to 300 lots have been sold on which buildings are expected to commence in the immediate future.

Valley Country Club, a private golf course, is five miles away.

Angela Park, an amusement park, is three and one-half miles away.

Within one-half to three-quarters of an hour's drive, there are numerous other resorts, particularly those located in the Pocono Mountains.

No testimony was presented to show what influx of people came into the area to utilize the above described facilities. The only testimony as to the influx of people in the area was the testimony by appellant that on the new Hazleton Airport Road which is an access road between Routes 93 and 309, and on Routes 93 and 309, the Pennsylvania Department of Transportation reported that on July 30, 1973, its traffic survey showed that fifty thousand cars per day utilize these roads.

In respect to the present licenses in the area, there was testimony which showed that within a mile or two of appellant's property on Route 309, there was located three hotels, namely Holiday Inn, Gus Genetti's and the Delite, all of which are open to the public. Further, on Route 309 in the immediate area, is Byorek's Knotty Pine Restaurant which has a malt beverage license. Off 309, still within the immediate area, is Angelo's Restaurant. At the Laurel Mall, a complete new shopping center three-quarters of a mile from appellant's property, is Jolly's or Pappy's, which also has a retail license. On Route 29 in a neighboring township and within one mile of appellant's property, is Rossi's Restaurant which is also open to the general public.

We must determine whether the above testimony shows that the Liquor Control Board abused its discretion in determining that the area is not a resort area and what requirements, under law, must be met to qualify the area as a resort area.

"As the Supreme Court held in Willowbrook Country Club, Inc. Liquor License Case, the proviso in the act permitting an exception to the quota in a resort area 'was intended . . . to render an equitable distribution of such licenses in areas, where during certain seasons, the population is increased to such an extent that the usual number of licenses is not adequate to serve the needs of the people.' "

"Neither the Supreme Court nor this court has held that an area is a resort area merely because there are more people there during the summer than at other times, that it is one of the very numerous areas in Pennsylvania where people hunt, fish or boat and that there are facilities for picnicking and clambakes and amusement facilities. The Quarter Sessions Court may not overrule the board's discretion without finding specific facts giving a basis for concluding that 'during certain seasons the population is increased to such an extent that the usual number of licenses is not adequate to serve the needs of the people.' The Liquor Control Board retains discretion to determine whether an area is a resort area and the court can reverse it only for an abuse of that discretion upon specific findings showing that the area meets the criterion above quoted from the Willowbrook opinion. Such reversal is warranted only when it is 'quite obvious that the usual number of licenses would not be adequate to serve the people' at certain seasons when the population is greatly increased": Andes Grove R. & G. Club Liquor License Case, 201 Pa. Superior Ct. 21 24-5 (1963).

In view of the evidence presented, this court cannot find that it is quite obvious that the usual number of licenses would not be adequate to serve the people at certain seasons when the population is greatly increased.

Accordingly, we enter the following:

## ORDER

Now, August 13, 1974, at 3:20 p.m., the appeal from the order of the Pennsylvania Liquor Control Board refusing to grant petitioner a new restaurant liquor license is dismissed and the order of the board is affirmed.