## Koppenhaver Liquor License Case.

Argued March 5, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*George G. Lindsay,* Assistant Attorney General, with him *Clement J. Reap,* Special Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Paul R. Mazzoni,* with him *Carey and Mazzoni,* for appellee.

OPINION BY WRIGHT, J., March 19, 1963:

The Pennsylvania Liquor Control Board refused to approve the transfer of a restaurant liquor license to premises at 518 Lackawanna Avenue in the City of Scranton. The action of the Board was reversed by the Court of Quarter Sessions of Lackawanna County, and the Board has appealed to this court. The appeal must be sustained on the authority of our recent decision in *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A. 2d 448. It should be noted that, when the instant case was decided in the lower court, the learned judges below did not have the benefit of our opinion in the *Gismondi* case.

The controlling reason for the Board's refusal to approve the transfer was its finding of fact that the establishment proposed to be licensed is within two hundred feet of five other licensed establishments. The court below did not question this finding, but took the position that the exercise of discretion by the Board could not be based on "the mere fact of distance". On the contrary, the amendment of August 25, 1959, P. L.

746, added to Section 404 of the Liquor Code a specific provision giving the Board discretion "if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the Board". Act of April 12, 1951, P. L. 90, Section 404, 47 P.S. 4-404. As we pointed out in the *Gismondi* case, if the premises proposed to be licensed is located within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license. The court of quarter sessions has no right to substitute its discretion for that of the Board.

Order reversed.