Teti Liquor License Case.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Jerome M. Meyers,* for appellant.

*Ines William Cordisco,* for appellee.

OPINION BY WRIGHT, J., June 12, 1963:

On May 7, 1962, Matilda Teti, t/a Tillie's Restaurant, filed with the Pennsylvania Liquor Control Board an application for transfer of a retail dispenser's eating place license (malt and brewed beverages) to premises at 308 Thirty-Sixth Street, McKeesport, Pennsylvania. The license in question was originally issued to Grace Perri for premises at 705 Long Run Road, McKeesport, Pennsylvania, and had been held by the Board in safekeeping since April 22, 1959. At the hearing before the Board's examiner the transfer was protested by Anne Orenyak, the owner of a tavern within a distance of two hundred feet. The transfer was also protested by Leon Kulasa, President of the Tavern Association in the City of McKeesport, and a director of the Allegheny County Tavern Association. On August 27, 1962, the Board refused to approve the transfer. On August 31, 1962, the applicant appealed to the County Court of Allegheny County. On October 4, 1962, Anne Orenyak was "granted leave to intervene in the within proceedings, and become a party thereto". On February 2, 1963, the order of the Board was reversed by the court below. Mrs. Orenyak has appealed.

Both the Board and the hearing judge found as a fact that the establishment proposed to be licensed is within two hundred feet of two other licensed establishments. This was the reason assigned by the Board in refusing to approve the transfer. The instant appeal must therefore be sustained on the authority of our recent decisions in *Gismondi Liquor License Case*, 199 Pa. Superior Ct. 619, 186 A. 2d 448, *Koppenhaver Liquor License Case*, 200 Pa. Superior Ct. 214, 188 A. 2d 847, and *Solomon Liquor License Case*, 201 Pa. Superior Ct. 82, 191 A. 2d 681. The only relevant difference between the case at bar and the cases cited is that the application here involved is for the transfer, not of

a restaurant liquor license, but of a retail dispenser's eating place license. However, the controlling statutory language is similar in each instance.[1]

The applicant contends on this appeal (1) that the Board "may not summarily refuse" to transfer a license under the two hundred foot limitation, and (2) that the Board made no findings of fact to support its action. However, as pointed out in the *Gismondi, Koppenhaver* and *Solomon* cases, if the location proposed to be licensed is within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license.

The applicant further contends (3) that, since the hearing was de novo, the lower court "could, and did, properly over-rule the Board". In fact, at one point in the opinion below, the following excerpt appears: "But it is important to observe the addition in the

---

[1] The transfer of liquor licenses is governed by Section 404 of the Liquor Code, Act of April 12, 1951, P. L. 90, Section 404, 47 P.S. 4-404, which, as amended by the Act of August 25, 1959, P. L. 746, reads in pertinent part as follows: "Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board".

The transfer of retail dispenser's eating place licenses is governed by Section 432 of the Liquor Code, 47. P.S. 4-432, which, as amended by the Act of June 19, 1961, P. L. 482, reads in pertinent part as follows: "The board shall, in its discretion, grant or refuse any new license or the transfer of any license to a new location if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board".

Liquor Control Act. 'The Court shall hear the application de novo' means that, since the 1951 Act, the Court on appeal from the Pennsylvania Liquor Control Board must exercise its independent discretion on the questions of the grant of the license and not merely determine whether or not the Board abused its discretion". This is clearly not the law, as consistently stated in our prior decisions. See, inter alia, *Haase Liquor License Case*, 184 Pa. Superior Ct. 356, 134 A. 2d 682, wherein Judge HIRT pointed out that administrative discretion under Section 404 of the Liquor Code "is lodged exclusively with the board". Our most recent statement on the question is that of Judge MONTGOMERY in *Club Oasis, Inc. Liquor License Case*, 200 Pa. Superior Ct. 439, 444, 188 A. 2d 792, as follows:

"The second question is more perplexing because of this Court's decisions relating to the nature of the proceedings before the lower courts on appeals under the Liquor Code. Although the Liquor Code, prior to the amendment of May 20, 1949, P. L. 1551, 47 P.S. 4-464, provided that the court should hear applications for appeals of this nature '*de novo*', and after said amendment 'de novo on questions of fact, administrative discretion and such other matters as are involved', this Court has persisted in its view that this does not mean that the court may exercise its own discretion after hearing. We continue to hold that only the question of abuse of discretion by the board may be resolved".

Order reversed.