Solomon Liquor License Case.

Argued April 18, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Lewis J. Nescott,* Special Assistant Attorney General, with him *George G. Lindsay,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Charles N. Caputo,* for appellee.

OPINION BY WRIGHT, J., June 12, 1963:

The Pennsylvania Liquor Control Board refused to approve the transfer of a restaurant liquor license presently held by Redwood Enterprises, Inc., 2901 Banksville Road, Pittsburgh, Pennsylvania, to Joseph Solomon for premises at 136 Sixth Street, Pittsburgh, Pennsylvania. The action of the Board was reversed by the County Court of Allegheny County, and the Board has appealed to this court. The appeal must be sustained on the authority of our recent decisions in *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A. 2d 448, and *Koppenhaver Liquor License Case,* 200 Pa. Superior Ct. 214, 188 A. 2d 847.

The reason assigned by the Board in refusing to approve the transfer was its finding of fact that the establishment proposed to be licensed is within two hun-

dred feet of six other licensed establishments. The court below did not question this finding, but took the position "that the exercise of discretion by the Board must be based on facts other than the mere fact of distance". However, the amendment of August 25, 1959, P. L. 746, added to Section 404 of the Liquor Code, 47 P.S. 4-404, a provision expressly giving the Board discretion to grant or refuse a new license or transfer "applied for a place which is within two hundred feet of any other premises which is licensed by the Board". As we pointed out in the *Gismondi* and *Koppenhaver* cases, if the location proposed to be licensed is within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license. The court below has no right to substitute its discretion for that of the Board.

We are not in accord with the primary contention in the extensive brief of counsel for the applicant that the amendatory statute is unconstitutional because it does not set forth "any standards to be used by the Board in administering said discretion". We rejected a similar contention in *Clinton Management Liquor License Case*, 188 Pa. Superior Ct. 8, 145 A. 2d 873, which involved the refusal of the Board to approve the transfer of a hotel liquor license on the ground that the location in question was within three hundred feet of several restrictive institutions. The following excerpt from our opinion in the *Clinton Management* case is here pertinent (italics supplied) : "Appellant's final argument is that 'the grant of discretion by the legislature to the Board, without standards, is invalid' because it constitutes an unlawful delegation of legislative authority in violation of Article 2, Section 1 of the Constitution of the Commonwealth . . . *Section 404 of the Liquor Code establishes a definite standard for the Board to follow, namely, the existence of a restric-*

*tive institution within a distance of 300 feet. We are clearly of the opinion that the section is free of constitutional infirmity".*

It was expressly ruled in the *Gismondi* and *Koppenhaver* cases that the power of the Board under the two hundred foot limitation is the same as it has been where the premises proposed to be licensed are within three hundred feet of specific restrictive institutions. See *425-429, Inc. Liquor License Case,* 179 Pa. Superior Ct. 235, 116 A. 2d 79, and *Her-Bell, Inc. Liquor License Case,* 176 Pa. Superior Ct. 206, 107 A. 2d 572. Under these two provisions of Section 404, as amended, there need not be any reason other than the mathematical fact of distance in order to give the Board discretion to grant or refuse the transfer. The restrictive provisions of the Code must be liberally construed to carry out the provisions therein expressed, *Subers Liquor License Case,* 173 Pa. Superior Ct. 558, 98 A. 2d 639, and may not be interpreted in aid of persons seeking the transfer of a liquor license for private gain: *Weiss Liquor License Case,* 187 Pa. Superior Ct. 89, 142 A. 2d 385; *Clinton Management Liquor License Case,* supra, 188 Pa. Superior Ct. 8, 145 A. 2d 873.

The second contention in applicant's brief is that the Board abused its discretion because the evidence indicated affirmatively that the approval of the transfer "would not be detrimental to the public welfare, health, peace and morals of the community", and the Board made no finding to the contrary. The amendment of August 25, 1959, added to Section 404 a further provision as follows: "And provided further, That the board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be li-

censed". We held in *Tate Liquor License Case,* 196 Pa. Superior Ct. 193, 173 A. 2d 657, that this language was not an unconstitutional delegation of legislative power. In the words of Judge WOODSIDE: "The board is given a fact to determine, and when the fact is determined, the law must be applied as set forth in the statute". In the case at bar, however, the Board did not refuse the transfer under the five hundred foot limitation. The contention advanced on applicant's behalf has no application in situations involving either the three hundred foot limitation or the two hundred foot limitation.

At oral argument (supported by supplemental brief) counsel for the applicant advanced a third contention based on the fact that the limitation provisions in Section 404 give discretion to the Board only "in the case of any new license or the transfer of any license to a new location". It appears that a building at the location in question was licensed by the Board from 1934 to 1961. This building was destroyed by fire, and a new building has been erected which the applicant is leasing. A license which was in the former building at the time of the fire is being held in escrow by the Board, and is not the license which the applicant is attempting to transfer. It is readily apparent that, at least so far as the Redwood Enterprises license is concerned, the applicant does seek the transfer of a license to a new location. The relevant limitation provision in Section 404 is therefore applicable.

Order reversed.