Opinion by
 

 Wright, J.,
 

 On November 29, 1962, Jack’s Delicatessen, Inc., filed with the Pennsylvania Liquor Control'Board an application for the transfer of a retail dispenser’s eat
 
 *483
 
 ing place license to premises at No. 12319 Academy Road in the City of Philadelphia. There was a hearing before the Board’s examiner on March' 19, 1963. After reviewing the testimony, the Board made, inter alia, the following finding of fact: “4. The premises proposed to be licensed are within 300 feet of the property occupied by the Shallcross Residential School, and within 200 feet of another licensed place”. On May 20, 1963, an order was entered by the Board refusing to approve the transfer. Upon appeal to the Court of Quarter Sessions, there was a hearing de novo on June 27, 1963, following which an order was entered reversing the Board and directing the transfer. This appeal by the Board followed.
 

 The record discloses that the Shallcross Residential School is located at Byberry and Woodhaven Roads, and is a part of the Philadelphia school system. Its property line extends to within fifty feet of No. 12319 Academy Road, although the school buildings are approximately a quarter of a mile distant. Shallcross Residential School is a minimum type security institution for emotionally disturbed children. Part of the rehabilitation of the children at the school is learning how to farm, and the land of the school is used for farm purposes. The record also discloses that Park-wood, Inc., holds a restaurant liquor license for premises at No. 12339 Academy Road, which is one hundred seventeen feet distant from No. 12319 Academy Road.
 

 The court below took the- position that, in determining that the Shallcross Residential School was within a distance of 300 feet, the Board “was guilty of misapplying the law and an abuse of discretion”. The opinion below states that the school was “realistically far beyond the 300 foot limitation, and it did not sub-serve the purpose of the Act to invoke that restriction in this case”. It is our view that, in so concluding, the lower court clearly exceeded its authority.
 

 
 *484
 
 The law is firmly established that the court of quarter sessions may not substitute its discretion for that of the Board:
 
 Booker Hotel Corp. Liquor License Case,
 
 175 Pa. Superior Ct. 89, 103 A. 2d 486;
 
 Her-Bell, Inc., Liquor License Case,
 
 176 Pa. Superior Ct. 206, 107 A. 2d 572. There must be a clear abuse of administrative discretion before the court of quarter sessions is authorized to set aside the Board’s action:
 
 425-429, Inc., Liquor License Case,
 
 179 Pa. Superior Ct. 235, 116 A. 2d 79. Administrative discretion is lodged exclusively with the Board:
 
 Teti Liquor License Case,
 
 201 Pa. Superior Ct. 87, 191 A. 2d 683. Our review of this record does not disclose any abuse by the Board of its administrative discretion.
 

 Section 404 of the Liquor Code,
 
 [1]
 
 contains the following proviso: “That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground.. In construing identical language in the prior Pennsylvania Liquor Control Act of 1933, we held that the word “school” means the land owned by a school district for school purposes, and that the term could not be limited to the four walls of the school building itself:
 
 DiRocco Liquor License Case,
 
 167 Pa. Superior Ct. 381, 74 A. 2d 501. The factual situation presented in
 
 Lester Liquor License Case,
 
 170 Pa. Superior Ct. 574, 87 A. 2d 794, is markedly similar to that in the case at bar. In the
 
 Lester
 
 case, the building proposed to be licensed was forty feet distant from the grounds of the Harrisburg State Hospital. The nearest hospital buildings were some 1000 feet away. Citing the
 
 DiRocco
 
 case, we held that the Board properly refused
 
 *485
 
 to grant the license. The court of quarter sessions may not substitute its discretion for that of the Board by the promulgation of an erroneous rule of law:
 
 Azarewicz Liquor License Case,
 
 163 Pa. Superior. Ct. 459, 62 A. 2d 78.
 

 The amendment of August 25, 1959, P. L. 746, inserted an additional provisión ; in Section 404 of the Liquor Code giving the Board-discretion “if such new license or transfer is applied for a place which is within two hundred feet of any.other premises .which is licensed by the Board”. We have expressly ruled that, where premises proposed to be licensed are located within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for. the Board’s refusal to grant or transfer the license, and the court of quarter sessions has no right on appeal to substitute its discretion for that of the Board:
 
 Koppenhaver Liquor License Case,
 
 200 Pa. Superior Ct. 214, 188 A. 2d 847;
 
 Solomon Liquor License Case,
 
 201 Pa. Superior Ct. 82, 191 A. 2d 681;
 
 Teti Liquor License Case,
 
 supra, 201 Pa. Superior Ct. 87, 191 A. 2d 683. In the ease at bar, the Board’s refusal to transfer the license was based on two grounds, either one of which was sufficient. The court below was without authority to exercise its independent discretion on the hypothesis that one of the grounds was erroneous.
 

 Order reversed.
 

 [1]
 

 Act of April 12, 1951, P. L. 90,
 
 47
 
 P.S. 1-101 et seq.