## Koehler's Bar, Inc. Liquor License Case.

Argued March 18, 1964. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*David N. Savitt,* with him *John Patrick Walsh* and *William Steerman,* for appellant.

*Louis Sherman,* for intervenors, appellee.

OPINION BY FLOOD, J., June 11, 1964:

This is an appeal from the order of the court below sustaining the Pennsylvania Liquor Control Board's refusal to approve the transfer of the appellant's restaurant liquor license to 5500 Rising Sun Avenue in the City of Philadelphia. The board found that the premises were not within three hundred feet of a church nor within two hundred feet of any other licensed premises, but refused the transfer because it found that the establishment would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet. The appellant contends that in refusing the transfer the board exercised its discretion arbitrarily since there was no evidence upon which to base the adverse finding other than the opinion of certain protestants.

The board acted under the proviso added to the Liquor Code by the Act of August 25, 1959, P. L. 746, §1 (47 PS §4-404), which reads: "And provided further, That the board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed . . . ." In construing this amendment, we have held that the legislature has established the principle that a business establishment is not ordinarily detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood, and consequently the board can refuse the license on this ground only when there is evidence that the nature of the neighborhood and the nature of the place to be licensed are such that the issuance of the license or the transfer would be detrimental in the sense specified by the act. *Tate Liquor License Case,* 196 Pa. Superior Ct. 193, 173 A. 2d 657 (1961).

The question then is whether or not there was sufficient evidence to justify a finding by the board that the license would be detrimental. The hearing judge, on the appeal from the board, felt that there was no evidence to support the board's finding except the opinions of protestants and that these did not constitute a sufficient basis for the board's conclusion, particularly in view of contrary testimony by the appellant's witnesses, including testimony that the establishment would be conducted as a respectable restaurant and not primarily as a taproom at which the service of food was incidental. The court en banc, however, reversed, noting the substantial number of witnesses who testified "that they thought an establishment that dispensed alcoholic beverages in their residential neighborhood would be detrimental to the welfare and morals of the inhabitants therein, that the

patrons of such an establishment might cause a commotion and use intemperate language, particularly in front of small children who reside there, and the pastors of the several churches testified that the purpose of the proposed establishment would be inimical to the religious aims which they were trying to inculcate, the teachings which they were bringing to their parishioners and to moral welfare of the community as a whole."

The facts presented to the hearing judge were substantially the same as those presented to the board and in view of the limited right of the court to disturb the determination of the board in such cases (*Cialella Liquor License Case,* 191 Pa. Superior Ct. 526, 159 A. 2d 64 (1960)), we cannot say that the court erred in concluding that the evidence provided a sufficient basis for the board's finding that the license would be detrimental to the community. It may be that mere protests or the fact that there are a large number of protestants may not, without more, be an adequate basis for the requisite finding.[1] This finding, however, relates to what will or may happen in the future and consequently it may, and perhaps often must, be based largely upon opinion testimony. The opinions that this establishment would be detrimental, together with the reasons given for these opinions, were evidence to be considered by the board along with the testimony to the contrary by the appellant's witnesses. The resolution of this conflict was for the board and its determination, based upon sufficient testimony, is binding upon the court.

Order affirmed.

WATKINS, J., dissents.

ERVIN, J., took no part in the consideration or decision of this case.

---

[1] But see the discussion of the Act of May 13, 1887, P. L. 108, in *Tate Liquor License Case,* 196 Pa. Superior Ct. 193, 199, 173 A. 2d 657, 660 (1961).