## Founders Hall Foundation Liquor License Case.

Argued March 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*James Iannucci,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*David R. Young,* with him *James Francis Lawler,* and *Ostroff & Lawler,* for appellee.

OPINION BY ERVIN, P. J., April 15, 1965:

This is an appeal by the Liquor Control Board from an order of the court below reversing the board and directing it to grant the transfer of a liquor license. The board refused the transfer because (1) the premises proposed to be licensed were within 300 feet of a church and (2) were within 200 feet of another licensed establishment and (3) the proposed transfer would be

against the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of 500 feet.

The board is given discretion to act in transferring a liquor license whenever any one of the above conditions is found to exist. It is now firmly established that the legislature has given to the board the discretion to act in any one of the above situations and that the court may not substitute its discretion for that of the board: *425-429 Inc. Liquor License Case,* 179 Pa. Superior Ct. 235 (allocatur refused 179 Pa. Superior Ct. xxvi), 116 A. 2d 79. The writer of this opinion wrote a dissenting opinion in that case which it was believed clearly demonstrated that the legislature had amended the act so as to give to the court administrative discretion on the transfer of a liquor license. The majority of this Court, however, did not agree and the Supreme Court refused to allow an allocatur. To the same effect see *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A. 2d 448; *Solomon Liquor License Case,* 201 Pa. Superior Ct. 82, 191 A. 2d 681. Of course the court below may arrive at a different conclusion from that of the board if it can properly find, under the evidence, that the board's findings are not substantiated. In such case the court below is empowered to make its own findings where the evidence exists upon which to rest them.

In the present case the court below found, inter alia, "5. That the place proposed to be licensed is not within 200 feet of any other premises licensed by the Pennsylvania Liquor Control Board." To arrive at this conclusion the court measured the distance along both legs of a right-angled triangle rather than along the hypotenuse of the triangle. The evidence shows that the distance measured along the hypotenuse of the triangle is 188 feet. This brings into question the reasonableness of regulation No. 101.03 adopted by the

board in pursuance of the power granted by §207 of the Liquor Code. Regulation No. 101.03 reads as follows: "The part of the church, hospital, charitable institution, school, public playground or premises currently licensed by the board and/or the adjoining ground used in connection therewith nearest to the place proposed to be licensed shall be determined, and the part of the place proposed to be licensed nearest to said church, hospital, charitable institution, school, public playground, or premises currently licensed by the board, shall also be determined. . . .

"Measurements shall be made or calculated in a straight line between the fixed points or stations so determined, regardless of any intervening land, water, building or structures of any kind."

The general standard to be applied in determining whether there has been an abuse of discretion was established by the Pennsylvania Supreme Court in the case of *Mielcuszny v. Rosol*, 317 Pa. 91, 93, 94, 176 A. 236: "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." We do not believe that the board abused its discretion when it provided in its regulation that the distance between two premises should be a straight line between the nearest points of the two regardless of any intervening land, water, building or structures of any kind. It so happens that in the present case no water, building or structures of any kind did intervene between the two premises. The straight line ran diagonally across 63rd Street and the mere fact that that street contained traffic did not render such a measurement unreasonable.

It is true that the board regulation will prevent establishments from being as close to each other as they

would be if the method adopted by the court below were used. We believe, however, that this would help to carry out the very purpose for which the statute and regulation were enacted. The undoubted purpose was to prevent numerous licensed premises from being grouped or crowded closely together in a neighborhood. There is much in the newspapers these days concerning the evils which flow from too many clusters of licensed places now present in the City of Philadelphia. The regulation of the board would tend to improve this situation and we believe that it was entirely reasonable and did not constitute an abuse of discretion.

Having concluded that the board's action was proper for the reason that the proposed premises to be licensed would be within 200 feet of another licensed property, it is unnecessary to consider the other reasons for the board's action.

The order of the court below is reversed and the order of the board is reinstated.

HOFFMAN, J., dissents.