Manns Liquor License Case.

Argued December 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*Russell C. Wismer,* with him *Martin R. Freedman,* for appellants.

*Melvin B. Goldstein,* for Pennsylvania Liquor Control Board, appellee.

OPINION BY WATKINS, J., March 24, 1966:

This appeal involves the order of the Court of Quarter Sessions of the Peace of Philadelphia County, that sustained the appeal of the neighborhood protestants, the appellees, and reversed the order of the Liquor Control Board that permitted the transfer of the restaurant liquor license of Charles K. Manns and Bernice B. Manns, the appellants.

The facts are simple: The appellants have held a restaurant liquor license since 1956 for premises located at 2739 West Oxford Street, Philadelphia, Pennsylvania. The licensed premises and the licensees enjoy a good reputation. In 1963 the School District of Philadelphia condemned the area containing the licensed premises and they were ordered to vacate on or before January 1, 1965. The licensees purchased premises at 2500 North 33rd Street, Philadelphia, Pa., and this location is not within 300' of any church, school, charitable institution or public playground and not within 200' of any other licensed establishment. There are only three licensed establishments in the area. The new location is approximately twelve blocks from the old one.

The only question before the Board and before the court, posed by the protestants, was whether the grant of the transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within 500' of the place proposed to be licensed. The Board exercised its discretion under the law in deciding this question against the protestants. The protestants appealed and the court below decided

that the action of the Board was an abuse of discretion and reversed its order.

The law is well settled that hearings de novo, so designated by the legislature, are so far as the Liquor Code is concerned, in fact, not de novo and unless new facts can be found by the court the decision of the Board must stand unless there is a clear abuse of discretion. *Club Oasis, Inc. Liquor License Case,* 200 Pa. Superior Ct. 439, 444, 188 A. 2d 792 (1963). See collection of cases page 445, footnote 3.

"It is settled law that the function of the court of quarter sessions on appeal is not to substitute its discretion for that of the Board, but merely to determine whether the Board abused its administrative discretion: Booker Hotel Corporation Liquor License Case, 175 Pa. Superior Ct. 89, 103 A. 2d 486. 'Discretion . . . is, by the express language of the Liquor Code, vested in the Board. The court of quarter sessions is not authorized to exercise administrative discretion; this is vested in the Board . . . We recognize that administrative discretion must be subject to judicial scrutiny or it will no longer be discretion but tyranny . . . However, there must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administrative board . . . While it is upon the record made at the hearing de novo that the court of quarter sessions determines whether or not the Board abused its discretion . . . the court of quarter sessions may not substitute its discretion for that of the Board': Bierman Liquor License Case, 188 Pa. Superior Ct. 200, 145 A. 2d 876." *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 626, 186 A. 2d 448 (1962).

At one time the Board did not have the discretion to deny transfers on the ground that such transfer threatened the quiet character of the neighborhood. *Obradovich Liquor License Case,* 386 Pa. 342, 126 A.

2d 435 (1956). But the legislature amended Section 404 of the Liquor Code (47 PS 4-404), by the Act of August 25, 1959, P. L. 746, and the language of the amendment must be closely scrutinized: ". . . And provided further, That the board shall refuse any application for a new license or the transfer of any license to a new location if, *in the board's opinion,* such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed. . . ." (Emphasis writer's)

So, the question before this Court is whether or not the Board is chargeable with an abuse of administrative discretion, or opinion, as the Act puts it. In *Zermani Liquor License Case,* 173 Pa. Superior Ct. 428, at page 431, 98 A. 2d 645 (1953), the Court said: " 'an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused'. This rule requires a party who questions the action of the Board to convince the reviewing court, whether lower or appellate, that the evidence before the court, discloses the tokens of abused discretion."

There was testimony from residents of the area answering the question in the negative and in the affirmative; that the licensed premises and the licensees enjoyed a good reputation; that the grant of the license would not increase the number of licenses in the area as the transfer to the new location was approximately twelve blocks from the old; that the property in question had been vacant for years and the appellants proposed to spend $25,000 to rebuild and beautify the structure for their sea food restaurant in accord-

ance with plans submitted to the Board; and the captain of the police district testified that he asked fifteen people in a spot check and thirteen opposed and two approved and based on that spot check he was opposed; the officer further testified that he never received a complaint against the licensees for disorderly operation.

The court below laid great stress on the area being within a proposed urban renewal program which began in the spring of 1962 and admittedly nothing as yet had been done about it. The testimony of the Congressman and the representative of the Redevelopment. Authority was very general and indicated future hope more than anything else. The objections raised by all the residents were based upon possible future misconduct of the licensed establishment and the fear that the establishment would bring into the neighborhood undesirable persons as patrons. Some of the protestants objected to a licensed establishment as an evil per se.

The court below cites *Club Oasis, Inc. Liquor License Case,* supra, in support of its position. However, in that case, the Board found no facts and in the hearing de novo it was found that there was a church and a library within the proscribed 300′ and that "the area is already supersaturated with such establishments and this constitutes a real burden to our law enforcement agencies". Without any findings to support the Board's order, the court below properly found the existence of the tokens of abused discretion as well as finding a new set of facts.

The court also cited *Koehler's Bar, Inc. Liquor License Case,* 204 Pa. Superior Ct. 25, 201 A. 2d 306 (1964), but this Court held in that case that opinion testimony before the Board could support the exercise of its discretion as to whether a transfer to a new location would be detrimental to the community. There was opinion testimony both ways but the Board exer-

cised its discretion against the transfer and this Court held that it was not an abuse of discretion. If, in this case, the Board had exercised its discretion in favor of the transfer it is doubtful if the court below or this Court could have found such action to be an abuse of discretion.

In the instant case the evidence before the Board and the court is substantially the same. It is difficult to see how the action of the Board was manifestly unreasonable; the result of partiality, prejudice, bias or illwill; or was such arbitrary exercise of its opinion as to override or misapply the facts and the law; so that the order of transfer constituted tokens of abused discretion. *Koppenhaver Liquor License Case*, 200 Pa. Superior Ct. 214, 188 A. 2d 847 (1963).

If this Court had been the Board, it may well have been decided differently but we may not substitute our opinion or judgment for the discretion of the Board. Neither can the Court of Quarter Sessions.

The order of the court below is reversed.

WRIGHT, J., would affirm on the opinion of the court below.