Nealon Liquor License Case.

Argued March 15, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

Thomas J. Shannon, Assistant Attorney General, with him Charles M. Marshall, Special Assistant Attorney General, and Walter E. Alessandroni, Attorney General, for Pennsylvania Liquor Control Board, appellant.

Ruth A. Nealon, appellee, in propria persona.

OPINION BY SPAULDING, J., April 14, 1966:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the County Court of Allegheny County reversing the Board and directing it to grant the transfer of a restaurant liquor license. This matter is controlled by §404 of the Act of April 12, 1951, P. L. 90, as amended, 47 P.S. 4-404.

The Board found that the premises to which appellee sought to transfer her license were within 300 feet of a church and within 200 feet of eight properties currently licensed for the sale of alcoholic beverages.

At a trial de novo, the court below concluded that the subject premises were not within 300 feet of a church. The court also found at the time of the trial that, as a result of redevelopment in the area of the subject premises, three of the eight licensed places had been eliminated.

The court decided that these factual changes justified the substitution of its own findings under the authority of the, Founders Hall Foundation Liquor License Case, 205 Pa. Superior Ct. 277, 209 A. 2d 15 (1965), in which President Judge ERVIN speaking for this Court said, inter alia, "Of course the court below may arrive at a different conclusion from that of the board if it can properly find, under the evidence, that the board's findings are not substantiated. In such

case the court below is empowered to make its own findings where the evidence exists upon which to rest them."

In fact, however, the physical changes did not vitiate the Board's findings that places licensed for the sale of liquor were located within 200 feet of the applicant's property. The evidence clearly discloses that currently there are five such licensed places. In *Solomon Liquor License Case*, 201 Pa. Superior Ct. 82, 191 A. 2d 681 (1963), we stated: ". . . if the location proposed to be licensed is within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license. . . ."

The further finding of the lower court that the property was not within 300 feet of a church is immaterial to this issue, for as stated further by Judge ERVIN in the *Foundation* case, the Board has the discretion to act in *any one* of these situations and the court may not substitute its discretion for that of the Board.

The order of the court below is reversed and the order of the Board is reinstated.