## Medred Liquor License Case.

250

Submitted April 13, 1967.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Edward J. Osterman*, Special Assistant Attorney General, *Thomas J. Shannon*, Assistant Attorney General, and *William C. Sennett*, Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Robert H. Rial*, for appellee.

OPINION BY MONTGOMERY, J., June 16, 1967:

Appellee Frank Medred, Jr., the holder of Restaurant Liquor License No. R-3405, applied to the Liquor Control Board for its transfer from his restaurant at 731 Fifth Avenue, New Kensington, Westmoreland County, Pennsylvania, to 2555 Seventh Street Road in the same municipality. Certain persons living near the new location appeared at the hearing on the application and objected to it being granted. The Board found Medred to be a reputable person, that his new establishment would comply with statutory requirements and was not within 300 feet of a church, school, hospital, charitable institution or public playground, nor within 200 feet of an existing establishment licensed for the retail sale of alcoholic beverages, that the area within a radius of 500 feet of the new establishment was residential and rural, but refused the transfer, stating, ". . . it being evident that such transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of 500 feet of the premises proposed to be licensed."

On appeal to the Quarter Sessions Court of that county, Honorable L. ALEXANDER SCULCO, Judge, concluded, after hearing, that "There is no substantial evidence in the present record that the transfer of the appellant's liquor license to the subject premises would have any appreciable adverse effect upon the welfare, health, peace, and morals of the neighborhood within a radius of five hundred feet", overruled the Board and granted the transfer. The Board appealed and later Nancy Slinker and Charles M. Slinker, two of the protestants, appealed. However, the appeal of the protestants has been discontinued leaving only the appeal by the Board before us.

We have reviewed the record thoroughly in order to determine whether the Board abused its adminis-

trative discretion in this matter, which is the guide line that must be followed. *Booker Hotel Corporation Liquor License Case,* 175 Pa. Superior Ct. 89, 103 A. 2d 486 (1954). Although the Board has a wide latitude in the exercise of its discretion it must act on evidence and not merely on the wishes of objectors. In *Tate Liquor License Case,* 196 Pa. Superior Ct. 193, 201, 173 A. 2d 657, 661 (1961), this Court speaking through Judge ROBERT E. WOODSIDE, said: "Although there are people who believe that the issuance of all licenses is detrimental, . . . nevertheless, the Commonwealth provides by statute for the issuance of liquor licenses. By doing so, the legislature established the principle that a licensed establishment is not ordinarily detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood, but only when the nature of the neighborhood and the nature of the place to be licensed are such that the issuance would be detrimental." However, we have recognized that the opinion of interested and affected parties if supported with the reasons therefor are acceptable as evidence in such cases. *Koehler's Bar, Inc. Liquor License Case,* 204 Pa. Superior Ct. 25, 201 A. 2d 306 (1964).

Since neither the lower court nor this Court may substitute its discretion for that of the Board we must determine whether the Board exceeded its powers which are defined in *Zermani Liquor License Case,* 173 Pa. Superior Ct. 428, 98 A. 2d 645 (1953), and repeated in *Manns Liquor License Case,* 207 Pa. Superior Ct. 340, 343, 217 A. 2d 848, 850 (1966), as, " 'an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused.' "

The undisputed facts would appear to be as follows. The applicant's new establishment is situated on a level area on State Highway 780 (two lane blacktop) at the top of a long hill leading from the central business district of New Kensington. After passing the site the road curves and again descends on a lesser grade. The immediate area is sparsely populated but directly across the road from the site is a lane leading back to a plan in which about 30 houses are built. There are no sidewalks in the area, which condition compels the school children (seven in number) riding the school bus which stops opposite the site in question, to stand near the road or on the lane leading back to the aforesaid plan. The public bus also travels this road and stops opposite applicant's site. The applicant's building is set back 60 feet from the road and has parking area the length of the building in front but not in the rear. There are public street lights in the area. Until about six months before the hearing the building had been used as a grocery store and gasoline service station selling 10,000 gallons of gas a month. There is a hotel (Terrace Hotel) on the same road about three tenths of a mile from applicant's site and another gasoline station beyond it. There were a number of witnesses who testified that a tavern at this site would not be detrimental and also real estate testimony that it would not depreciate real estate values.

From all we can gather from the record and from the brief filed by counsel for the intervenors-protestants below[1] we must agree with the statement of the lower court that the most salient objections raised by the protestants related to an alleged traffic problem and to an alleged decrease in property values which were highly speculative in view of the fact that this

---

[1] The Board relies on this brief in support of its appeal, filing no separate brief.

site had been used as a combination gasoline station and neighborhood confectionery store for many years which had been frequented by the neighborhood children. The fact that only one traffic accident in this area had been reported to the police in a two-year period refutes in a large measure the hazard argument. A confectionery store would be more of a hazard to children than a tavern since it would be attractive to children and cause them to cross and recross the road.

Although the objectors expressed the opinion that the proposed tavern would be detrimental there is nothing to support it except the traffic hazard argument. What the objectors are really saying is that they do not want a tavern in their neighborhood. This is not enough. We find no reliable evidence in support of the other argument pertaining to the possible depreciation in real estate values. In fact, the evidence is to the contrary.

We conclude, as did the lower court, that the Board was too much impressed by the fact that there were a number of protestants, causing it to exercise its discretion by reason of that fact rather than the record.

Lacking sufficient evidence to support the refusal of this transfer, the Board abused its discretion.

Order affirmed.

DISSENTING OPINION BY WRIGHT, J.:

The record in the instant case clearly discloses that the court of quarter sessions improperly substituted its discretion for that of the Board. In the words of the late Judge FLOOD: "The opinions that this establishment would be detrimental, together with the reasons given for these opinions, were evidence to be considered by the Board along with the testimony to the contrary by the appellant's witnesses. The resolution of this conflict was for the Board and its determina-

tion, based upon sufficient testimony, is binding upon the court": *Koehler's Bar, Inc., Liquor License Case,* 204 Pa. Superior Ct. 25, 201 A. 2d 306. The restrictive provisions of the Liquor Code must be interpreted in the interests of the public welfare and not in aid of persons seeking the transfer of a liquor license for private gain: *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A. 2d 448. I would reinstate the Board's order.