## Meluskey Liquor License

*Bernard O'Hare*, for appellant.

*Steven R. Sosnov*, for Pennsylvania Liquor Control Board.

DAVISON, J., May 30, 1972.—This appeal raises the question of whether or not the Pennsylvania Liquor Control Board ("board") abused its discretion by refusing to renew a liquor license which it had first accepted for safekeeping and later renewed under the specific condition that such renewal would be only for a specific period of time.

Dating back to 1945, petitioner operated a licensed establishment known as The Maples along Route 309, Upper Saucon Township, Lehigh County, Pa., which during 1969 he was compelled to vacate by reason of highway condemnation by the Commonwealth of Pennsylvania. There is no history of any citations.

On October 15, 1969, in accordance with applicable procedures, he placed his license in escrow with the board for safekeeping and on January 19, 1970, his license was renewed under the same conditions. On January 15, 1971, the board, while again renewing the license, notified petitioner that it would not do so in the future unless it was reactivated by transfer to other persons or premises before it expired on January 31, 1972.

Petitioner, notwithstanding the board's caveat, applied on November 23, 1971, for renewal of his license for the period commencing February 1, 1972, which application the board refused at an executive session held December 15, 1971. Thereafter, counsel for petitioner requested a hearing be held in connection with the said refusal and on February 16, 1972, testimony was presented at a hearing before an examiner for the board.

The record of the hearing before the examiner which, by stipulation of counsel, became part of this appeal, reveals that after his property was taken by condemnation petitioner attempted to obtain other locations for transfer and likewise sought to interest other persons in purchasing his license, but that he was unsuccessful in doing so until January 18, 1972, at which time he entered into an agreement to purchase certain premises in Upper Saucon Township, Lehigh County, Pa., intending to move his business to that location. The only basis on the record for the board's actions appears to be the hereinafter quoted portion of its March 8, 1972, order, it appearing that the board at no other time explained its actions.

On March 8, 1972, the board entered an order refusing the application. The entire relevant portion of the board's decision states:

"On February 16, 1972, a hearing on said applica-

tion was held after due notice, as required by law. At the hearing, which was attended by the applicant and his attorney, the evidence adduced established the following facts: (1) On January 18, 1971, this Board notified you that Restaurant Liquor License R-9189 had been approved and will be held in safe-keeping for one more year only and that it would not be renewed again unless reactivated by transfer to other persons or other premises before it expired on January 31, 1972. (2) You have failed to reactivate Restaurant Liquor License R-9189 prior to its expiration on January 31, 1972. The Board is of the opinion that under the above established facts, this application should be refused. Therefore, the following Order is made: ORDER AND NOW, March 8, 1972, for the above reasons, it is ordered and decreed that the application for renewal of Restaurant Liquor License R-9189, for the period effective February 1, 1972, applied for by Joseph Meluskey for premises at Center Valley, Upper Saucon Township, Lehigh County, be and it is hereby refused."

The board relies solely upon section 115.12 of the Regulations of the Liquor Control Board, the pertinent provisions of which are: ". . . when the license is returned due to the fact the licensee no longer has a lease for the licensed premises, or removes therefrom, or is dispossessed by legal process, the license shall be invalidated as to the particular premises for which issued but shall not be invalidated generally nor cancelled, and shall be held available for the benefit of the licensee solely for transfer.

". . .

"No license which has been surrendered to the Board nor any renewal thereof in possession of the Board shall be held for the benefit of the licensee for a period exceeding one year from the date of surrender,

except when in the opinion of the Board, circumstances beyond the licensee's control prevent reactivation. Failure of the licensee to lift the license and resume operation of the licensed business, or failure to effect a transfer of the license within the said one year period shall be sufficient cause for the revocation of the license."

Additionally, the board also points to the renewal for the period beginning January 15, 1971, in which it notified petitioner that said license would be held in safekeeping for only one more year and would not be renewed again unless reactivated before its expiration on January 31, 1972. In this regard, however, there is no evidence, either way, that the board, when it issued its January 15, 1971, order, made any inquiry into the circumstances so as to determine whether the situation then was beyond the licensee's control.

The law is well settled that while the court may not agree with the particular action taken by the board, the function of the court is not to substitute its discretion for that of the board, but rather to determine whether there has been a clear abuse of administrative discretion by the board: Club Oasis, Inc., Liquor License Case, 200 Pa. Superior Ct. 439, 188 A. 2d 792 (1963); Medred Liquor License Case, 203 Pa. Superior Ct. 249, 232 A. 2d 203 (1967).

As the court concluded in Medred, we believe here, as there, the board exceeded its powers as defined in Zermani Liquor License Case, 173 Pa. Superior Ct. 428, 98 A. 2d 645 (1953), and repeated in Manns Liquor License Case, 207 Pa. Superior Ct. 340, 217 A. 2d 848 (1966), and committed an abuse of discretion, defined, to wit, " '. . . not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality,

prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.' "

The board itself has not complied with the very regulation it now relies upon. The board disregarded that regulation in question when on January 19, 1970, it renewed without condition the license for the period to January 31, 1971, more than one year from its October 15, 1969, date of surrender. When on January 15, 1971, the board appended the proviso in question, apparently it did so arbitrarily, as there is nothing in the record to indicate that it even made any inquiry into the licensee's circumstances, let alone made any determination thereof as required by the regulation. The board may have treated the language permitting revocation to be mandatory, yet our own reading thereof renders implicit the discretionary aspect thereof.

We find that the board further erred when, without holding a hearing, it rejected the application of November 13, 1971. While the board did ultimately hold a hearing when requested, it again made no effort to explain its position. Indeed, at that hearing counsel for the board failed to ask even one question of petitioner, consequently all of petitioner's testimony, including that with respect to his efforts to transfer the license to other persons and premises was undisputed. We can only conclude that the board ignored the testimony before the examiner as in its March 8, 1972, decision it made no reference whatsoever thereto.

Accordingly, we conclude that the record, on the totality of the evidence before the court, "discloses the tokens of abused discretion": Appeal of Zermani, supra.

## ORDER

And now, May 30, 1972, it is ordered and decreed

that the appeal of Joseph Meluskey be and the same is hereby sustained and the application for renewal of Restaurant Liquor License R-9189 for the period effective February 1, 1972, for premises at Center Valley, Upper Saucon Township, Lehigh County, is hereby approved.