## Fabian v. Pennsylvania Liquor Control Board

*Frederick J. Giorgi*, for appellant.

*Maurice Levan*, Assistant Attorney General, for Liquor Control Board.

EDENHARTER, J., July 19, 1974.—This appeal of Betty Ann M. Fabian is from an order of the Pennsylvania Liquor Control Board[1] refusing her applica-

---

[1] On February 20, 1974 the board filed the following opinion and order: "On November 27, 1973, Betty Ann M. Fabian filed with this Board an application for extension of license to cover additional premises under Restaurant Liquor License R-15969 for premises in the Township of Maidencreek and County of Berks. On January 23, 1974, a hearing on said application was held after due notice, as required by law. At the said hearing, which was attended by the applicant and her attorney, the evidence adduced established the following fact: 1. The area to be covered by the license is not contiguous with or adjacent to the licensed premises in that the proposed extension is separated from the presently licensed premises by a public road. The Board, after giving careful consideration to all of the facts established at the hearing, is of the opinion that the said application for extension of license to cover additional premises should be refused and makes the following order: ORDER And Now, February 20, 1974, for the above reason, it is ordered and decreed that the application for extension of license to cover additional premises applied for by Betty Ann M. Fabian for premises in the Township of Maidencreek and County of Berks, be and it is hereby refused."

tion for extension of her restaurant liquor license to cover additional premises.

A hearing de novo was held in the Court of Common Pleas, Criminal Division. The applicant is the lessee of certain land situate in Maidencreek Township, Berks County, including a building wherein she is the holder of a restaurant liquor license. She seeks to extend her license to a pavilion located approximately 100 to 125 feet west of the licensed premises. The pavilion is 24 feet x 57 feet and open on three sides with the remaining side covered with fiber glass. The licensed premises and the pavilion are separated by land including a public road approximately 20 feet in width known as Maidencreek Road. It would be difficult for motorists using the road to see the pavilion by reason of its location and a row of pine trees. She is also the lessee of the pavilion and the land between it and the licensed premises.

While it is upon the record made at the hearing that the court determines whether or not the board abused its discretion, we may not substitute our discretion for that of the board, since the exercise of administrative discretion is with the board: Manns Liquor License case, 207 Pa. Superior Ct. 340, 342 (1966). In exercising the delegated police powers of the Commonwealth, the board must exercise a reasonable discretion, which necessarily involves the freedom of choice between possible courses, and its regulations[2] of the licensing of traffic in liquor in ac-

---

[2] Regulations of the board pertaining to extension of licenses provide: "No licensee may conduct any business permitted by his license on any other premises, or any portion of the same premises other than that for which the license was issued, without the approval of the Board for the inclusion of such additional premises in the license:" 40 Pa. Code § 7.21. And that: "The additional premises for which it is desired to extend any license shall be completely equipped for the carrying on of the type of business per-

cordance with the Liquor Code have the force and effect of law, although such regulations cannot prevail against the express provisions of the legislature: 23 P. L. Encyc. §33.

It is apparent that the board predicated its order on its finding that a public road intervenes. It is not difficult to envision the creation of inadequate and hazardous conditions with the principal facilities including the Rich Maiden Golf Course on one side of the road and the pavilion on the other side. Although, as the applicant contends, the leased land on both sides may extend to the center of the road, the structures involved remain separate and apart. A public road is more than a means of conveyance for vehicular traffic, it is a divider of people, places and things. In Manns, supra, at page 342, it is stated:

"The law is well settled that hearings de novo, so designated by the legislature, are so far as the Liquor Code is concerned, in fact, not de novo and unless new facts can be found by the court the decision of the Board must stand unless there is a clear abuse of discretion. Club Oasis, Inc. Liquor License Case, 200 Pa. Superior Ct. 439, 444, 188 A. 2d 792 (1963). See collection of cases page 445, footnote 3."

Upon application of these principles, we may not substitute our opinion or judgment for the discretion of the board and its order must stand.

Appeal dismissed.

---

mitted under the license, but no sales of liquor or malt or brewed beverages, or storage, or the like shall take place in such additional premises until approval has been given by the Board. Approval may be in the form of a new license, giving the additional address, or a letter authorizing the use of the additional premises. In the case of distributors and importing distributors of malt or brewed beverages, no sales of malt or brewed beverages shall be made at any time in any warehouse except that in which the office or principal place of business of the licensee is maintained:" 40 Pa. Code §7.23. And further that: "The Board may, in its discretion, refuse to extend any license issued": 40 Pa. Code §7.24.