## Passalacqua Appeal

*George T. McKinley, of Nanovic & McKinley*, for appellants.

*Kenneth F. Carobus, Assistant Attorney General*, for Pennsylvania Liquor Control Board.

HEIMBACH, P. J., May 22, 1975—Appellants appeal from the order of the Pennsylvania Liquor Control Board's refusal to issue to them a restaurant liquor license for the following stated reasons:

1. As provided by law, Kidder Township, Carbon County, has a quota of one license for the retail sale of alcoholic beverages and there are at present nine restaurant liquor licenses in effect counted against the quota. Accordingly, the quota for this municipality is exceeded.

2. There is no evidence whatsoever for any necessity for an additional restaurant liquor license in Kidder Township, Carbon County.

Since the board stipulated subject premises is situate in that part of Kidder Township determined to be a resort area, the quota provision is inapplicable: Act of April 12, 1951, P.L. 90, art. IV, sec. 461(b), as amended, 47 PS §4-461(b).

The much referred to case we are to be guided by in determining necessity is Willowbrook Country Club, Inc. Liquor License Case, 409 Pa. 370, 187 A. 2d 154 (1962), where the court enunciated the following principle of law, viz.:

"There is no doubt that to warrant the granting of an additional license in a 'resort area,' it must be clear that there is an actual need, and that the license holders already in business are not adequately equipped to supply the need of those frequenting the area. However, we agree with the conclusion reached in this case by the Superior Court, supra, [198 Pa. Superior Ct. 242 (1962)], as stated at page 246: '[That] the requirement of necessity in a resort area must be considered in the light of the circumstances under which the applicant operates. "The term 'actual necessity' in determining the need for a liquor license will be given a broad construction so as to mean substantial need in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility [citing cases]."'"

Appellee called as a witness a licensee who operates the "Jonas Synder" Hotel in Monroe County, located in a Pocono resort area, approximately 15 miles from subject property. His stated appearance was as a protestant on behalf of the Pocono Tavern Association, of which organization he was secretary. We received his testimony as an individual, but not as a representative of such organization, since he failed to show any authority in him so to testify. He testified that he was not aware of any licensee in the Pocono area having any more business than they could take care of and expressed the opinion that there was no need for an additional license in subject area.

Over the objection of appellee's counsel, who insisted that only one with expert knowledge could testify as to necessity, i.e., a present or former licensee, which objection we held and continue to hold is frivolous and completely devoid of merit, we

received in evidence testimony from the following: The park foreman of Hickory Run Park; a pastor whose charge is in the area; the appellants; the Director of the Carbon County Planning Commission; a campsite owner, and two former Carbon County officeholders who frequent the subject area. From their collective testimony we find the following facts:

Appellants' restaurant has been in operation for a number of years, where complete breakfast, lunch and dinner are served daily. Adjoining the premises is a 20-unit motel and a 40-unit campsite occupied by approximately 100 people. Appellants' restaurant is located at the entrance-way to Hickory Run State Park, where 351 campsites are maintained and miles of snowmobile, hiking and hunting trails are provided. On weekdays during the summer months the daily attendance in the park is between three and five thousand people. On weekends the attendance is between 18 and 20 thousand people. The nearest licensed establishment from subject premises in the township where full course meals are served is Big Boulder, five miles distant and open only during the winter months. The next nearest is Richie's Steak House, 11 miles away. The remaining establishments in the township, with the exception of two, exceed these distances. We exclude from consideration the large resort complexes six to ten miles away. The two licensed premises in the immediate area serve only sandwiches. The licenses in adjoining Penn Forest Township, three and four miles away, likewise are sandwich establishments and serve meals at the most three times a week. Appellants' restaurant is within walking distance of the 100 or more people occupying the campsites adjoining the restaurant

and those people occupying the nearby motel. Likewise it is within walking or easy driving distance from the Hickory Run campsites. All of the restaurant licensed establishments in this area are primarily barrooms. We agree with the testimony of the good pastor, a need exists for an establishment like that of appellants for family dining with available alcoholic beverages free of a barroom influence.

The testimony clearly manifests a substantial need in relation to the pleasure, convenience and general welfare of the persons who will make use of the facility.

In conclusion, but not relevant to our findings, counsel for the Liquor Control Board observed our perusal of the transcript of the notes of testimony of the examiner's hearing and strenuously objected to such perusal, arguing that the hearing before the court was de novo. He continues such objection in his brief and cites Appeal of Durante, 6 Chester 2 (1953) in support thereof. By so arguing he flies in the face of Manns Liquor License Case, 207 Pa. Superior Ct. 340, 342, 217 A. 2d 848 (1966), and Club Oasis, Inc. Liquor License Case, 200 Pa. Superior Ct. 439, 446, 188 A. 2d 792 (1963), both to the effect that such examination is necessary to determine whether the board abused its discretion in refusing to issue a license. Note on page 448, the court held that the lower court very properly demanded that the board's complete record be produced for its consideration. We add that nothing appears in the examiner's transcript that was not testified to at the hearing before us.

We enter the following

ORDER

And now, May 22, 1975, for the above reasons,

the appeal of Frank J. Passalacqua and Kathleen T. Passalacqua from the refusal of the Liquor Control Board to issue to them a new restaurant liquor license and amusement permit is sustained, and said board is directed to issue a new restaurant liquor license and amusement permit for subject premises to them upon appellants meeting statutory requirements.

Costs on appellants.