In the Matter of: Appeal and Petition of Elmer J. Hill, Jr., t/a Grace's. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Re: Elmer J. Hill, Jr., t/a Grace's, 1121 Bower Hill Road, Pittsburgh, Pa. Mt. Lebanon School District, an aggrieved party, Appellant.

Argued May 5, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*James P. Deeley*, with him *J. Leonard Langan*, Assistant Attorney General, *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellant, Pennsylvania Liquor Control Board.

*Donald C. Bush*, with him *Dale P. Frayer*, and *Anderson, Moreland & Bush*, for appellant, Mt. Lebanon School District.

*Jerome Hahn*, with him *George I. Bloom*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 20, 1978:

The Pennsylvania Liquor Control Board (Board) appeals the decision granting Elmer J. Hill, Jr., t/a Grace's (Hill) a restaurant liquor license. This application for a license had been rejected by the Board because the premises were within 300 feet of a school[1]

---

[1] Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-404, provides in part:

§4-404. Issuance of hotel, restaurant and club liquor licenses

[T]he board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in

and for two other unrelated causes. Upon appeal by Hill to the Court of Common Pleas, the Board relied solely on the proximity of the restaurant to the school and did not pursue the other grounds. The court below held that "because the board did not ground its refusal on this one fact alone," and "since the Court now has before it only *one* of the three bases of the board adjudication, the question before the Court cannot be the abuse of discretion of the board in denying the application solely on the ground of prohibited proximity. The board did not so rule and the Court therefore has not before it the question of the abuse by the board of its discretion. The Court rather has before it de novo . . . whether on the basis alone of forbidden proximity this new license ought to be denied." The court found that the restaurant was indeed within 300 feet of a school but, substituting its judgment for that of the Board, it nevertheless granted the liquor license. The Board then appealed the holding to this Court.

We reverse the order of the court below because it was based on an erroneous interpretation of the function of a court in reviewing the findings of the Board. It is well settled that even where a court discovers that several of the findings of the Board were erroneous, it may not substitute its judgment for that of the Board so long as grounds remain that would have supported the Board's decision. This was the precise holding in the case of *Jack's Delicatessen, Inc. Liquor License Case,* 202 Pa. Superior Ct. 481, 485, 198 A.2d 604, 606 (1964), where the Court wrote:

the case of a club may, in its discretion, issue or refuse a license: Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground. . . .

We have expressly ruled that, where premises proposed to be licensed are located within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license, and the court of quarter sessions has no right on appeal to substitute its discretion for that of the Board: Koppenhaver Liquor License Case, 200 Pa. Superior Ct. 214, 188 A.2d 847; Solomon Liquor License Case, 201 Pa. Superior Ct. 82, 191 A.2d 681; Teti Liquor License Case, supra, 201 Pa. Superior Ct. 87, 191 A.2d 683. In the case at bar, the Board's refusal to transfer the license was based on two grounds, either one of which was sufficient. *The court below was without authority to exercise its independent discretion on the hypothesis that one of the grounds was erroneous.* (Emphasis added.)

See also *Bilinsky v. Liquor Control Board,* 7 Pa. Commonwealth Ct. 312, 298 A.2d 698 (1972).

We find no merit in Hill's argument that the restaurant liquor license requested herein was not an application for a new license but a request for the transfer of an existing one. Hill's prior license was for the sale of beer or malt beverages only and Section 401 et seq. of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-401 et seq., clearly distinguishes between liquor and beer licenses.

Accordingly, we

### ORDER

AND Now, this 20th day of July, 1978, the order of the Court of Common Pleas of Allegheny County is reversed and the adjudication of the Pennsylvania Liquor Control Board denying Elmer J. Hill, Jr., t/a Grace's, a new restaurant liquor license is reinstated.